FRIEDA KATZ, petitioner-respondent,

·v.

MORRIS KATZ, defendant-appellant.

[Decided April 27th, 1933.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Bigelow, who delivered the following opinion:

"An order was made in this cause October 2d, 1930, awarding to petitioner the custody of the two infant children of the marriage and directing defendant to pay to her for their maintenance $20 a week. Petitioner has now moved to adjudge defendant in contempt for failure to obey this order. Defendant admits that in 1931 he fell behind five weeks and that in 1932, in June and July, for seven consecutive weeks, he failed to make any payments for the support of his children and so is in arrears the sum of $240. Defendant resists the motion on the ground that his failure to obey the order of the court arose, not from willfulness or negligence, but from his inability to obey. To succeed in this defense he must

prove—the burden is his—that his inability was real; it is not enough that he show that compliance with the order was inconvenient or difficult; that the order, by changed conditions, had become inequitable, or that exact obedience would result in great hardship· to him. Circumstances that would move the court to modify the order do not justify a party who ignores the mandate.. I turn to the facts.

"In 1930, defendant and his brother Isadore were partners operating three butcher stores in Newark. On September 29th, 1930 (three days before the order for maintenance was made), they separated their real estate holdings, Isadore taking over two stores, and the defendant one. But the butcher business was still carried on by the two brothers in all three stores. In May, 1931, the partnership was dissolved; Isadore took the business and defendant entered his employ at a salary of $35 a week. That same year, defendant had considerable trouble with his eyes and was unable to work (for how long a period does not appear) and so fell in arrears $100. In June and July, 1932, defendant was laid up with a strained back and was out of work for seven weeks, and made no payments to his wife in that period.

"The conveyances between the defendant and his brother just before the order for support was made, and the transaction six months later whereby defendant became an employe of his brother instead of his partner, are suspicious circumstances. They lead the court to scrutinize defendant's affidavits with especial care. Defendant does not disclose what considerations he received on these transactions, or what has become of the considerations. He still owns the West street property; he does not show the value of that property or that he could not have raised $240 on it. or on his general credit. He has failed to prove that his delinquency arises from inability to obey. I find him guilty of contempt."

*Messrs. Schotland & Schotland* (*Mr. Joseph J. Schotland,* of counsel), for the appellant.

*Mr. William Greenfield,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Bigelow in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.