251 N.J. Super. 250 (1991)
597 A.2d 1098
PATRICIA GULYA, PLAINTIFF-APPELLANT,
v.
RONALD GULYA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1991.
Decided October 16, 1991.
*251 Before Judges LONG and BAIME.
Lisa Fittipaldi argued the cause for appellant (Shanley & Fisher, attorneys; Richard E. Brennan, of counsel and on the brief; Donald F. Scholl, Jr., on the brief).
Fred Kieser, Jr., argued the cause for respondent.
The opinion of the court was delivered by LONG, J.A.D.
Plaintiff, Patricia Gulya and defendant, Ronald Gulya were divorced on January 12, 1990. The judgment of divorce, entered after a four day trial, awarded plaintiff sole custody of the four children, permanent alimony of $860 and monthly child support of $1,935. It was based upon the trial judge's determination *252 that defendant's net monthly income was $4,650 and plaintiff's $1,394. Although the $2,795 awarded, when added to plaintiff's income, fell $2,000 short of the budget she projected for herself and the children in her pretrial financial disclosure statement, no appeal was taken. Subsequent to the entry of the judgment of divorce, several motions and cross-motions, which are not involved in this appeal, were filed.
On November 2, 1990, plaintiff filed a notice of motion on short notice to enforce litigant's rights for failure of the defendant to comply with prior orders concerning alimony and child support. On November 13, 1990 the defendant filed opposing papers and cross moved for a reduction in alimony and support based on changed circumstances. More particularly, he alleged that plaintiff had sold the marital home and had moved into less expensive rental quarters with the children thus reducing her shelter expenses considerably. Although defendant did not submit a current financial statement, the trial judge granted the reduction, viewing the process as a simple arithmetic calculation. He stated that his original award of $2,795 was essentially made up of a mortgage payment of $1,931, real estate taxes of $416 and "other expenses" of $448. Because plaintiff's rent and maintenance costs at the time of the motion were $1,241, the judge added that figure to the "other expenses" and reduced the award from $2,795 to $1,689 to reflect the reduction in monthly shelter expenses.[1]
Plaintiff moved for reconsideration on several grounds. She claimed that because of defendant's short notice she was unable to fully set forth her financial circumstances. According to her certification, her net pay at the time of the motion for reconsideration was $1,210 and her budget for herself and the four children was $3,885, thus leaving her a $1,000 shortfall with the reduced support. She also contended that she was required to *253 pay expenses not originally considered by the judge at the time of the divorce including college tuition ($2,000) and braces ($2,000 partially reimbursable). She further argued that it was wrong for the judge to reduce support in these circumstances without considering the full financial picture of both parties and without requiring defendant to file a financial disclosure statement. Defendant responded, contesting plaintiff's claimed expenses, but offered nothing to substantiate his own financial picture. The trial judge affirmed his original order reducing support and ordered defendant to file an updated case information statement.
Plaintiff appeals claiming as error defendant's failure to file a case information statement; the trial judge's failure to conduct a plenary hearing on the material issues of fact pleaded, and his failure to invoke the doctrine of unclean hands against defendant.[2]
We have carefully reviewed this record in light of the claims advanced by plaintiff and have concluded that the trial judge erred in reducing defendant's support obligation without obtaining the full financial picture of the parties.
Both parties should have been required to file updated financial disclosure statements because defendant was seeking a downward modification of the original support award and plaintiff, in opposition, was actually seeking an increase in the nonshelter related aspects of the original award. Thus, under R. 5:5-4(a) and Zazzo v. Zazzo, 245 N.J. Super. 124, 584 A.2d 281 (App.Div. 1990) both parties were required to update their financial disclosure statements prior to any modification order. This mandate is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case. This is important *254 because the movant bears the initial burden in such a case under Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980). Where, as here, both parties seek a modification, the finances of each must be scrutinized by the trial judge through the financial disclosure statement vehicle prior to a changed order.
Defendant argues, and the trial judge apparently agreed, that this is not the kind of a case in which a new financial disclosure statement was necessary. Because the record was clear as to what shelter expenses the trial judge added into the original support award and because both parties agreed that a reduction in that figure had occurred, the judge viewed the downward modification as basically ministerial. We can conceive of a case in which this would be so. For example, if an original support award was ample to meet a dependent spouse's needs; no changes in the dependent spouse's needs occurred, and the parties agreed that one significant budget line item (such as college tuition) was eliminated, it seems to us that a modification could safely be ordered without an updated disclosure form being filed by the movant. Such a case, in our experience, would be the exception and not the rule.
This case differs from our hypothetical in two critical ways. First, when the judge made his original award there was still a significant shortfall between the plaintiff's budget and her income from all sources. Indeed, she says that is why she was forced to sell the marital home. Plaintiff certified on the reduction motion that she still could not support herself and the children. In a case such as this, where the total dollars available to support two households necessarily dictated an inadequate original award, the reduction of a particular line item in the original budget is of no particular consequence and certainly does not entitle the payor spouse to a pro-rata reduction. Such a result offends common sense because it punishes the dependent spouse who voluntarily diminishes her standard of living to make ends meet. The purpose of the diminution is not to reward the payor spouse but to allow for the payment of other necessities. What took place here returned the dependent *255 spouse and her children to their original precarious position without consideration of the economic realities of the parties' lives.
The second difference between this case and the hypothetical is that plaintiff argued at the reconsideration motion that she had undergone some changed circumstances not originally considered by the trial judge (tuition, braces, insurance increases, etc.). These factors required evaluation before the automatic reduction took place. The trial judge's suggestion that plaintiff could bring a later motion for an increase based on changed circumstances turned the case on its head.
We thus reverse and remand the case to the trial judge for reconsideration of his November 16, 1990 order after receipt of updated disclosure forms by both parties and a full review of the facts contained therein. The parties may file new certifications and a plenary hearing may be held if the judge deems one warranted by the facts. We specifically decline to direct that the case be decided on the record. Counsel for defendant stated at oral argument that, since the entry of the order on appeal and since the filing of his belated disclosure statement, further significant changes in the defendant's circumstance have occurred. This is an opportune time for both parties to file completely updated financial information and for the trial judge to review this matter with a view toward reaching a conclusion which fairly reflects the economic realities of these parties' lives.
Reversed and remanded.
NOTES
[1] The order also reflected a $212 reduction to defendant for a period of sixty (60) months on account of a mortgage owed to him by plaintiff. The payments were to return to the $1,689 figure at the end of that period.
[2] Subsequent to the filing of the notice of appeal, defendant filed a financial disclosure statement indicating a gross annual income of $69,000 and a personal budget, exclusive of support payments, of $3860.