**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1463-16T3

JEFFREY S. GOLDSTEIN,

    Plaintiff-Appellant,

v.

MERYL S. GOLDSTEIN,

    Defendant-Respondent.

_____

Submitted September 20, 2017 — Decided December 5, 2017

Before Judges Simonelli and Rothstadt.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0424-14.

Jeffrey S. Goldstein, appellant pro se.

Callagy Law, PC, attorneys for respondent (Brian P. McCann, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Jeffrey S. Goldstein appeals from the November 4, 2016 Family Part order, which denied his motion for a downward modification of his child support obligation. We affirm.

The following facts are pertinent to our review. Plaintiff and defendant Meryl S. Goldstein were married in 1990, and divorced in 2015. They have two children, one born in 1998, and the other in 2001. At the time plaintiff filed a complaint for divorce in August 2013, he was a partner in a law firm, and had gross earned income of $225,575 in 2012 and 2013.

On May 5, 2015, the parties executed a Property Settlement and Support Agreement (PSSA), which was incorporated into their Dual Final Judgment of Divorce. The PSSA required plaintiff to pay child support in the amount of $700 per week for both children, commencing May 5, 2015. The PSSA also required plaintiff to maintain medical insurance for the children. In the event he no longer had medical insurance through his employer, the PSSA required the parties to equally pay the cost of same, with plaintiff's share added to his weekly child support.

At the time plaintiff executed the PSSA, he was no longer employed due to an alleged mental health condition, and was receiving disability benefits of $11,608.37 per month from Principal Life Insurance Company (Principal), and $4830 per month from the Berkshire Life Insurance Company of America, for a total of $16,438.37 per month. Plaintiff received his first disability payment from Principal on August 13, 2014, and knew the payments would cease two years later. Because he no longer had medical

A-1463-16T3

insurance through his law firm, his child support payment increased to $753.41 per week.

Plaintiff received his last payment from Principal in August 2016. On September 23, 2016, he filed a motion for a downward modification of his child support obligation based on an alleged change in financial circumstances.

In support of his motion, plaintiff submitted a Case Information Statement (CIS), dated September 19, 2016.[1] He listed gross earned income of $31,824 for 2015, which represented compensation from his former law firm, but did not disclose that he also received monthly payments exceeding $700 from his former law firm. In addition, he listed a bank account, but did not disclose the value. Further, his list of monthly expenses was improper. He listed some expenses as "per month," but listed others as "per quarter," "every [six] months," "per [week]," and "per [year]." He also did not disclose that some of the expenses represented joint expenses attributable to his current wife.

Plaintiff certified that he applied for Social Security Disability benefits and was denied, but did not disclose the reason for the denial. When the motion judge inquired about the denial,

---

[1] Plaintiff also submitted his prior CIS, dated November 26, 2013.

A-1463-16T3

plaintiff finally disclosed that in February 2016, Social Security determined he was capable of performing other work.

In an oral decision, the motion judge found that plaintiff's year-to-date income, through November 2016, provided him with enough money to pay his child support and monthly expenses, and he also had retirement assets at his disposal. The record reveals that plaintiff's annual child support obligation of $39,177, plus his annual expenses listed on his CIS of $90,000, totaled $129,177 in yearly expenses. Plaintiff received two years of disability benefits totaling $394,520. In addition, he received $700 per month over the same two-year period, for a total of $16,800, plus a $31,824 payment from his former law firm. In sum, over a two year period plaintiff received $443,144, and had $78,354 in child support and $180,000 in expenses, leaving him with $184,790.

The motion judge also found plaintiff's CIS was not complete and clear and failed to disclose all of his income, and plaintiff failed to disclose that Social Security determined he was capable of working. The judge also determined plaintiff knew when he entered into the PSSA that the $11,608.37 disability payment would cease in two years, and he presented no evidence he could not work to supplement his income. The judge ultimately determined there was no change in plaintiff's financial circumstance warranting a downward modification of child support, but rather, his

4

circumstances were the same as when he executed the PSSA. The judge entered an order on November 4, 2016, denying plaintiff's motion without prejudice, and directing him to pay $50 per week toward child support arrears, among other things. This appeal followed.

On appeal, plaintiff argues that the motion judge wrongfully denied his motion. He also argues the judge violated his Fourteenth and Sixteenth Amendment Rights.[2]

We review a trial court's grant or denial of applications to modify child support for abuse of discretion. J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (citation omitted). We will not disturb the trial court's decision "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Id. at 326 (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). We discern no abuse of discretion here.

A parent seeking to modify a child support order must show "changed circumstances had substantially impaired the [parent's] ability to support himself or herself." Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). The movant must "make a prima facie showing of

_____

[2] Plaintiff also argues the judge should be recused. The judge is retired and not on recall. Thus, this argument is moot.

changed circumstances warranting relief prior to the court ordering discovery of the full financial circumstances" of the parties. Dorfman v. Dorfman, 315 N.J. Super. 511, 515 (App. Div. 1998) (citation omitted). "If that showing is made, and after receipt of ordered discovery, the judge then determines whether the changed circumstances justify modification." Ibid. A plenary hearing is not required unless there are genuine issues of material fact. Ibid. (citation omitted).

A proper changed circumstances analysis "requires a court to study the parties' financial condition at the time of the divorce, as well as, at the time of the application." Deegan v. Deegan, 254 N.J. Super. 350, 355 (App. Div. 1992). For this reason, Rule 5:5-4(a) requires the moving party to append a copy of his or her prior and current CIS. As we have stated:

> This mandate is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case. This is important because the movant bears the initial burden in such a case under Lepis v. Lepis, 83 N.J. 139 (1980).
>
> [Palombi v. Palombi, 414 N.J. Super. 274, 287 (App. Div. 2010) (quoting Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991)).]

Further, "[c]ourts have consistently rejected requests for modification [of support obligations] based on circumstances which are only temporary or which are expected but have not yet

occurred." Lepis, 83 N.J. at 151 (citation omitted). "[S]upport, whether set by court order or agreement, [may] be modified upon a showing of substantial, non-temporary changes in ability to support oneself or pay support." Gordon v. Rozenwald, 380 N.J. Super. 55, 67-68 (App. Div. 2005). Temporary unemployment is not grounds for a modification of support." Bonanno v. Bonanno, 4 N.J. 268, 275 (1950). The movant must show that the alleged change in circumstances is involuntary and permanent. J.B., 215 N.J. at 327.

Based upon our review of the record, we discern no reason to disturb the judge's ruling, and affirm substantially for the reasons the motion judge expressed in her oral decision. Defendant failed to provide a complete and accurate CIS, and failed to make a prima facie showing of a significant change in financial circumstances to warrant a reduction in child support. He did not show that changed circumstances had substantially impaired his ability to support himself, or that he is permanently disabled and cannot work at all.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1463-16T3