**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2022-17T2

PIOTR FRYDRYCH,

    Plaintiff-Appellant,

v.

IWONA KOLUS,

    Defendant-Respondent.

_____

> Submitted November 14, 2018 – Decided December 13, 2018
>
> Before Judges Suter and Firko.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-1673-15.
>
> Ziegler, Zemsky & Resnick, attorneys for appellant (Steven M. Resnick and Elizabeth D. Burke, on the briefs).
>
> Senoff & Enis, attorneys for respondent (Steven R. Enis on the brief).

PER CURIAM

Plaintiff Piotr Frydrych appeals from the December 6, 2017 Final Judgment of Divorce (FJD) and from a December 15, 2017 order denying his motion to vacate default and reinstate his complaint. Having reviewed plaintiff's arguments in light of the record and applicable legal principles, we reverse.

I.

The parties were married on August 13, 2003, and had no children. Before entry of the FJD, plaintiff was ordered to pay defendant $2,000 per month in pendente lite support in addition to her $1,000 weekly salary as an employee of his used garment business, Fashion Republic, Inc., and maintain $1,000,000 of life insurance coverage to secure his obligations. In addition, he was ordered to pay the fees of the court-appointed forensic accounting firm Friedman, LLP, which was tasked with preparation of a business evaluation, cash flow, and lifestyle analysis.

After being represented by two different attorneys, plaintiff proceeded as a self-represented litigant and filed a motion to downward modify his pendente lite obligations, arguing a decline in his health and financial stability. The motion was denied in March 2017. After returning to Poland, plaintiff contends

he battled severe depression thereby prompting him to seek a postponement of a case management conference scheduled for May 30, 2017.[1]

In support, he provided the pre-trial judge with a certification. The judge attempted, unsuccessfully, to contact plaintiff in Poland by telephone at the conference. On the record, the judge acknowledged, "for the record it appears that [plaintiff] is claiming he is not well. He has some health issues that he complained of, as a result of which he believes he's unable to fly back here. He's asking for an adjournment for two months." In a voicemail message, the judge stated:

> You allege that you are unable to travel because of your current condition and included various documents, many of which were in English, but some of which I was really unable to read.[2] I would say, however, that many of the documents were in Polish. So, the problem, sir, is you're supposed to be here. And, you do not have a good faith reason, I believe, for not being here in front of this [c]ourt.

Upon defendant's oral application at the conference, the judge dismissed the complaint and entered default, dispensing with the need for a formal motion

---

[1] The conference was originally scheduled for May 2, 2017.

[2] The medical certificate provided by plaintiff stated he was diagnosed with "deep depression," with a "high intensity" of symptoms, rendering him unable to participate in court proceedings until July 31, 2017.

3                                                                      A-2022-17T2

pursuant to Rule 1:6-2 because her attorney "made the application," and the court was "inclined to enter default today." The judge noted that plaintiff had "been uncooperative in this matter for some time," and his non-appearance "requires the [c]ourt to take some action."

After the matter was assigned to another judge, a default hearing was scheduled for August 14, 2017, and adjourned four times at the request of defendant's counsel. On September 15, 2017, plaintiff moved to terminate his pendente lite obligations and he submitted a "proposed [j]udgment of [d]ivorce with settlement terms" to the judge. Since default was entered, the judge denied the motion.

Thereafter, on November 15, 2017, a notice of proposed judgment was served by defendant's counsel on plaintiff in accordance with Rule 5:5-10. Five days later, plaintiff's sister, who also serves as his power of attorney,[3] filed a motion to vacate default and reinstate the complaint, and she also requested an adjournment of the December 6 final hearing date. The judge denied the hearing adjournment request, and scheduled plaintiff's motion to vacate and reinstate for December 15, more than a week after the hearing date.

---

[3] According to the record, plaintiff's sister is not an attorney-at-law.

After considering factual and expert testimony in the absence of plaintiff at the final hearing, the judge granted all of the relief sought by defendant. Nine days later, the judge denied plaintiff's motion on the papers, finding that, "[I]n this matter, it is clear that, for one thousand days, the matter labored on because [of] [plaintiff's] behavior in this case. He went through . . . two attorneys. In addition, he would not provide discovery, was constantly missing court appearances, [and] there were numerous orders enforcing litigant's rights . . . ." Plaintiff's sister filed a notice of appeal that was rejected and re-filed by his present counsel. We denied plaintiff's motion for stay pending appeal. Plaintiff raises the following issues on appeal:

> POINT I
>
> THE TRIAL COURT ERRED BY FOLLOWING DEFECTIVE PROCEDURES THAT RESULTED IN A FINAL DEFAULT JUDGMENT AGAINST PLAINTIFF THAT MUST BE VACATED.
>
> A. Without notice to plaintiff, the trial court erred by entertaining defendant's oral demand to enter default without prejudice against plaintiff during a case management conference.
>
> B. Even if plaintiff had notice, the trial court erred by entering a default without prejudice against plaintiff at a case management conference without motion practice or proper evidence submission or allowing plaintiff to respond to same.

C.    In addition, even if a request for default without prejudice was allowed without motion practice, the facts did not support the standard for such a severe sanction, the trial court erred by not entering a lesser sanction and made no findings as to why a lesser sanction should not have been used.

D.    The trial court then erred by not hearing timely plaintiff's motion to vacate the default without prejudice and before a final divorce judgment default hearing was held.

E.    Even it if was proper to hear plaintiff's motion to vacate after the final divorce judgment by default with prejudice was entered, the trial court erred by not vacating the final default judgment by relying on an incorrect record and by not adhering to the correct legal standards as to allowing defaults with prejudice to be entered and stand.

POINT II

THE MATTER MUST BE REMANDED TO A NEW TRIAL COURT (not raised below).

II.

First, we address Point I of plaintiff's brief, and recognize that "[a]n application to vacate a default judgment is 'viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached[.]'" Franzblau Dratch, PC v. Martin, 452 N.J. Super. 486, 491 (App.

Div. 2017) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)).

Adjourning plaintiff's motion to vacate default and reinstate the complaint until after the default hearing was conducted resulted in severe prejudice to him because the judge awarded substantial equitable distribution, limited duration alimony, and counsel fees to defendant based upon her unilateral proofs. Compounding the error, the trial judge relied upon a stale, partially completed Case Information Statement (CIS) that lacked supporting documentation. Defendant did not append a current CIS to her notice of proposed judgment, thus depriving the judge of the "complete picture of the finances" of the parties. See Gulya v. Gulya, 251 N.J. Super. 250, 253 (App. Div. 1991).

No analysis was undertaken as to equitable distribution of plaintiff's garment business (potentially now bankrupt) in the face of defendant's deficient CIS; no explanation was provided for awarding carte blanche defendant's limited duration alimony award in the amount of $135,000 annually for a term of twelve years without consideration of the N.J.S.A. 2A:34-23(j)(1) factors; no lifestyle analysis was made; $131,652.78 was ordered to be paid by plaintiff to Friedman, LLP (plus trial testimony fees), and $50,000 in counsel fees to defendant, wholly lacking in particularized findings. The judge also failed to consider plaintiff's

ability to pay alimony based upon his current financial circumstances. See e.g. Crews v. Crews, 164 N.J. 11, 288 (2000) (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)).

The granting or denial of an adjournment is left to the discretion of the trial judge. Kosmowski v. Atlantic City Med. Ctr., 175 N.J. 568, 575 (2003). We will reverse for failure to grant an adjournment only if the trial court abused its discretion, causing a party a "manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011). The court must be mindful that "[c]ases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994). An appellate court will not interfere "unless it appears an injustice has been done." Allegro v. Afton Vill. Corp., 9 N.J. 156, 161 (1952).

We recognize that plaintiff's complaint could be dismissed without prejudice as a sanction for his failure to appear, or participate by phone, in the May 30 case management conference. R. 1:2-4.[4] Plaintiff litigated the case for

---

[4] The rule provides:

over two years, and retained Eisner Amper as a rebuttal forensic expert. The record is devoid of any report being served by Eisner Amper. Plaintiff's healthcare records revealed a significant psychological diagnosis that arguably prohibited him from participating in this proceeding in a meaningful way. The good cause standard applied to vacating default and reinstating matters was overlooked by the trial court. Because the court abused its discretion by not deciding plaintiff's motion to vacate and reinstate the complaint before going forward with the default hearing, the court erred, and we are constrained to reverse, vacate the FJD, and direct the trial court to enter an order reinstating the complaint. We need not reach plaintiff's other arguments for the proper disposition of this matter.

---

(a)    Failure to Appear. . . . if without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar, on the return of a motion, at a pretrial conference, settlement conference, or any other proceeding scheduled by the court, or on the day of trial, or if an application is made for an adjournment, the court may order any one or more of the following: (a) the payment by the delinquent attorney or party or by the party applying for the adjournment of costs, in such amount as the court shall fix, . . .; (b) the payment . . . of the reasonable expenses, including attorney's fees, to the aggrieved party; (c) the dismissal of the complaint, cross-claim, counterclaim or motion . . .; or (d) such other action as it deems appropriate.

9                                    A-2022-17T2

To summarize, we reverse, vacate the FJD, and remand for a different judge to enter an order reinstating the complaint and comply with our mandate. A case management conference shall be scheduled within thirty days to address discovery issues, including expert reports, provide deadlines for both parties to file updated CIS's, determine if a guardian should be appointed for plaintiff, and to schedule a trial date. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION