**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4597-19

BARBARA B. KNOPF,

     Plaintiff-Appellant,

v.

BARRY A. KNOPF,

     Defendant-Respondent.

_____

Submitted May 18, 2021 – Decided June 7, 2021

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1451-96.

Hellring Lindeman Goldstein & Siegal, LLP, attorneys for appellant (Sheryl E. Koomer, of counsel and on the briefs).

Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys for respondent (Julie L. Kim and Christina N. Stripp, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Barbara Knopf appeals from the Family Part's July 17, 2020 order granting defendant Barry Knopf's motion that he be relieved of his obligation to maintain a life insurance policy naming plaintiff as the irrevocable beneficiary. Plaintiff also challenges the provisions of that order that denied her cross-motion to require defendant to pay her $24,914.88 in alimony after she failed to deposit defendant's prior checks for this sum in a timely manner, as well as her request for counsel fees. We are constrained to reverse and remand because the trial court did not: (1) require defendant to submit a Case Information Statement or any other financial information before terminating the life insurance policy; (2) make any findings of fact or conclusions of law on the issues raised in plaintiff's cross-motion; or (3) conduct oral argument on the parties' competing motions.

The parties were married in June 1969. They have two children, both of whom are emancipated. Following a multi-day trial, they were divorced in May 1998.

Pursuant to the Dual Judgment of Divorce (DJOD), defendant was required to pay plaintiff $625 per week in permanent alimony. The DJOD provided that if defendant retired at or after age 62 from his position as a partner in a law firm, he could seek a modification of his alimony obligation.

With specific reference to the parties' present dispute, the DJOD stated that "[d]efendant shall continue to maintain the Attorneys Group Insurance Trust Life Insurance policy" in the amount of $275,000 "of which he shall continue to name . . . [p]laintiff as the sole beneficiary, irrevocably."  About a year after the parties' divorce, they agreed defendant could obtain a less costly policy from a different company in the same face amount of $275,000.  Defendant's annual premium for this policy was approximately $1650.

In 2014, plaintiff failed to deposit nine of defendant's monthly alimony checks, totaling $24,914.88.[1]  After six months, the checks were no longer valid. In 2015, when plaintiff was again able to attend to her banking tasks, she asked defendant to reissue the checks to her.  Defendant refused to pay the amount due all at once, but stated he would pay her $1000 per month until plaintiff received full payment on the condition plaintiff returned the uncashed checks to him.  The parties were unable to agree on a resolution of this dispute.

In 2019, defendant advised plaintiff that his annual premium for the $275,000 life insurance policy had been raised from $1650 to $7339.  As a result, defendant asked plaintiff if she would agree to end his obligation to provide her

---

[1] Plaintiff asserts she was unable to deposit the checks due to a health issue.

A-4597-19

with life insurance coverage. When plaintiff refused, defendant filed a motion for permission to terminate the policy.

In support of this motion, defendant asserted he was now 74 years old and suffered from cardiac issues that had first surfaced during the parties' marriage. He stated his insurance broker had attempted to find a less costly policy, but was unable to do so. Defendant did not submit a Case Information Statement (CIS) with his motion or any other financial information. Defendant was still a partner at his law firm and did not assert that he could not afford to pay the additional premium either from his annual income, savings, or other assets. Defendant's motion asked that the court conduct oral argument in the event plaintiff opposed his motion.

Plaintiff contested defendant's motion and filed a cross-motion seeking an order requiring defendant to pay her the $24,914.88 still due for the alimony checks she failed to deposit in a timely manner in 2014. Plaintiff also asked for counsel fees.

The motion judge did not conduct oral argument on the parties' motions. Instead, he issued an order granting defendant's motion to terminate his obligation to provide life insurance and denying plaintiff's cross-motion for the alimony payments and counsel fees. With regard to the life insurance, the judge

4

stated in the order that defendant had "made a showing of changed circumstances based on [his] age, health, and the substantial increase of monthly payments to maintain the life insurance policy. Accordingly, [d]efendant's life insurance policy obligation is hereby terminated." In so ruling, the judge made no finding that defendant could not afford the increased premium and, as noted above, the judge did not require defendant to submit any financial information in support of his motion.

The judge denied the requests plaintiff made in her cross-motion without making any findings of fact or conclusions of law explaining the basis for his decision. This appeal followed.

On appeal, plaintiff argues that the judge should not have considered defendant's motion to terminate his obligation to pay for the life insurance policy because defendant failed to supply a CIS to demonstrate he lacked the financial ability to continue to maintain the policy. She also contends that because the judge made no findings of fact or conclusions of law concerning her cross-motion, the matter must be remanded so that he may do so. Finally, plaintiff asserts that the judge should entertain oral argument before resolving the parties' motions and should hold a plenary hearing if there are factual disputes between them. We agree.

Established precedents guide our task on appeal. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We will only reverse the judge's decision when it is necessary to "ensure that there is not a denial of justice because the family court's conclusions are [] clearly mistaken or wide of the mark." Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (alteration in original) (internal quotations omitted) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). Unfortunately, this is such a case.

Here, the primary issue on defendant's motion to terminate his obligation to provide life insurance protection for plaintiff was whether the cost of maintaining the policy had become prohibitive. The only way that the motion judge could properly address that issue was to examine defendant's complete financial picture.

A-4597-19

In this regard, Rule 5:5-4(a)(4) requires a party seeking modification or termination of a support order to submit his or her current CIS, together with the statements used in the issuance of the order for which modification is sought. Zazzo v. Zazzo, 245 N.J. Super. 124, 129 (App. Div. 1990). The financial information submitted to the court must be current and updated prior to any modification order. Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991).[2] The requirement that a party file a current financial disclosure statement is "not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the movant[] in a modification case." Id. at 253.

As noted above, defendant was, and remains, a partner in a law firm. While the annual premium for his policy increased from $1650 to $7339, defendant's failure to disclose his finances made it impossible for the judge to determine whether the cost of maintaining the policy was beyond defendant's reach. Because the motion judge did not address or evaluate defendant's current financial situation in his decision, we reverse the order terminating defendant's

---

[2] Contrary to defendant's contention on appeal, a CIS is necessary whenever a modification of an order is sought under N.J.S.A. 5:5-4(a), regardless of whether that order is for alimony or child support, or for enforcement or modification of orders and judgments. Pressler & Verniero, Current N.J. Court Rules, cmt. 1.3 on R. 5:5-4 (2021).

obligation to continue to provide a life insurance policy naming plaintiff as the irrevocable beneficiary.

We also reverse the judge's denial of the relief requested in plaintiff's cross-motion because he did not make any findings of fact or conclusions of law in connection with his ruling. Rule 1:7-4(a) clearly states that in addition to entering an appropriate written order, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action).

The judge's decision must clearly demonstrate that the litigants have been heard and their arguments were considered. While a judge need not author a lengthy written opinion, or deliver an hour-long oral ruling to meet this requirement in every case, he or she must always state what facts form the basis of his or her decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts. Slutsky v. Slutsky, 451 N.J. Super. 332, 357 (App. Div. 2017). Because justice requires no less, "[a]ll conclusions must be supported." Ibid.

In sum, "[m]eaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). Unfortunately, the motion judge's rulings in this case did not satisfy these requirements. As a result, we are unable to review the contentions raised by the parties concerning the denial of plaintiff's cross-motion. Therefore, we also reverse this portion of the order and remand to the Family Part for a new consideration of plaintiff's requests for relief.

Given the necessity of a remand, we address two other issues. First, the motion judge failed to explain why he did not grant defendant's request for oral argument on the motion. Rule 5:5-4(a)(1) provides:

> Motions in family actions shall be governed by R. 1:6-2(b) except that, in exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.

The Rule expresses a "strong presumption favoring argument on motions other than calendar matters and routine discovery applications." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 5:5-4 (2021). Litigants should be permitted oral argument on such motions when requested "as a matter of both

due process and the appearance of due process."  Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).  Here, the motion presented issues that clearly could have benefited from further elucidation by way of oral argument.  We discern no "special or unusual circumstances here warranting the court's dispensing with an entirely appropriate request for oral argument of a motion presumptively entitled to argument on request."  Ibid.

Finally, the motion judge did not explain why he did not conduct a plenary hearing before entering the order.  Of course, "[a] hearing is not required or warranted in every contested proceeding for the modification of a judgment or order . . . ."  Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998).  However, where the papers filed raise issues of fact or require credibility determinations, relief cannot be granted or denied absent a plenary hearing.  Whitfield v. Whitfield, 315 N.J. Super. 1, 12 (App. Div. 1998).  Thus, on remand, the Family Part shall carefully consider whether a plenary hearing is required to resolve the factual issues raised by the parties.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4597-19