**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2484-19

PAMELA DENNIS,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

JOHN ROBERTSON,

       Defendant-Respondent/
       Cross-Appellant.

_____

       Submitted November 4, 2021 – Decided January 26, 2022

       Before Judges Whipple and Susswein.

       On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FD-02-1621-01.

       Pamela Dennis, appellant/cross-respondent pro se.

       John Robertson, respondent/cross-appellant pro se.

PER CURIAM

This appeal is from a Family Part order dated January 8, 2020. Plaintiff, Pamela Dennis, and defendant, John Robertson, have a child together who was attending college in Boston from Fall 2016 to Spring 2020. In August 2016, a Family Part judge first determined that defendant was responsible for contributing to the child's college costs, then set a percentage of contributions based on the parents' finances and calculated amounts due based on the cost of attending Wheelock College.

Defendant appealed, and in January 2018, we affirmed the requirement that he contribute to college expenses but remanded for recalculations of support and contributions with updated and complete case information statements (CIS) and defendant's correct income. Dennis v. Robertson, No. A-0653-16T2 (App. Div. Jan. 18, 2018). Between August 2016 and our remand, defendant did not fully comply with the August 2016 order. On remand in April 2018, the court recalculated costs and provided a detailed opinion.

At various points of the litigation, defendant was ordered (1) to provide an Amtrak pass or tickets to the child for transportation to and from school and (2) to make lump sum payments to the court or the college. In July 2018, the court ordered the payments to be made through probation. The record does not

show that defendant ever made a lump sum payment to the school or provided an Amtrak pass, ticket, or reimbursements.

Wheelock College and Boston University merged before the child's junior year, so the child had to continue his education at a new school. Plaintiff took out loans to cover the amounts defendant failed to pay to the schools. Plaintiff applied for the court to determine the amount defendant would owe for 2018 – 2019 and 2019 – 2020, the last two years of school, at Boston University.

On January 8, 2020, the Family Part judge found that plaintiff had not made a prima facie showing of defendant's changed circumstances to recalculate the percentages for purposes of calculating contributions or child support. The court increased monthly support amounts, found defendant could not make a lump sum payment, and calculated the last two years of school based on the percentages used in the April 2018 order. The court further ordered defendant to provide a letter from Amtrak requesting documentation for a pass or tickets within two weeks, then plaintiff would have two weeks to provide the documents, and defendant would have another two weeks to produce the pass or tickets.

Plaintiff argues on appeal that the court erred in not finding changed circumstances based on defendant's income and loans. She further asserts that

3

the court erred by not ordering lump sum payments or enforcing sanctions. Defendant cross-appeals arguing for the first time that the court miscalculated the child's one-third contribution, which he did not raise with the trial court. Defendant further asserts that the court erred in finding several documents credible to determine costs and financial circumstances, which he had raised below.[1]

We reverse the modifications to the support award and remand for further proceedings as we explain within. We will not disturb a trial judge's factual findings when they are "supported by adequate, substantial and credible evidence." Rova Farms Resort v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). We only "disturb the factual findings and legal conclusions of the trial judge [when] we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. N. Bergen Twp., 78 N.J Super. 154, 155 (App. Div. 1963)).

Further, we "have a strictly limited standard of review from the fact-findings of the Family Part judge," N.J. Div. of Youth & Fam. Servs. v. I.H.C.,

---

[1] Both parties also accuse each other of perjury or lying, but do not ask for relief or brief the issues. Skolodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

415 N.J. Super. 551, 577 (App. Div. 2010), because family courts maintain "special jurisdiction and expertise in family matters," Cesare v. Cesare, 154 N.J. 394, 413 (1998). We expand our scope of review when the "alleged error [is] in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom," N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)), but still accord deference to the judge's findings unless the court "went so wide of the mark that [it] was clearly mistaken." Ibid. Finally, we review a trial judge's evidentiary rulings under an abuse of discretion standard. State v. Burns, 192 N.J. 312, 332 (2007).

"Child support and contribution to college expenses are two discrete yet related obligations imposed on parents." Hudson v. Hudson, 315 N.J. Super. 577, 584 (App. Div. 1998). Both parties allege that the college contribution amounts are incorrect because defendant's income was incorrect, as plaintiff asserts, or because the one-third child contribution should not include student loans, as defendant asserts. Plaintiff does not argue that defendant needed to pay more in child support, only that the arrears could be higher monthly, weekly, or in lump sums to meet the college contributions and reimburse transportation costs.

"[A] trial court should balance the statutory criteria of N.J.S.A. 2A:34–23(a) and the Newburgh factors, as well as any other relevant circumstances, to reach a fair and just decision whether and, if so, in what amount, a parent or parents must contribute to a child's educational expenses." Gac v. Gac, 186 N.J. 535, 543 (2006) (citing Newburgh v. Arrigo, 88 N.J. 529 (1982)). The Newburgh factors are:

> (1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2) the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child . . . ; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child.
>
> [Newburgh, 88 N.J. at 545; see also Gac, 186 N.J. at 543.]

6

After reviewing the record, we conclude (1) the Family Part judge did not abuse its discretion by finding that plaintiff did not make a prima facie showing of changed circumstances for new contributions to college or child support, and (2) reject defendant's newly minted assertion that including the student loans as part of the child's one-third contribution was error.[2]

First, because the Family Part did not find changed circumstances, it was not determining the percentage of contributions through the 2020 order and did not cite to Newburgh or its factors. It only considered the listed college expenses and scholarships and grants for the last two years, then applied the calculations from April 2018, because plaintiff had not shown that defendant's income changed or that the loans substantially changed her financial position. Plaintiff did show that she took out loans, but only argues that defendant was supposed to be paying this amount and should pay her back faster, not that her financial position at the time was so substantially changed as to warrant her paying less in the last two years.

---

[2] Normally, "[we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available," Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973), but we must address student loans for plaintiff's appeal of the contributions.

A-2484-19

Second, while the April 2018 order stated that the child's one-third amount contribution was after scholarships, grants, and loans, we find no abuse of discretion in the Family Part including the student loans in the child's one-third contribution. The 2018 order was only supposed to recalculate the parent's divisions based on their correct incomes, and the Family Part did acknowledge that the 2018 order contemplated the loans as part of the child's responsibility, although the court completed its calculations without accounting for the loans. The 2016 and 2020 orders acknowledge the child's responsibility and are not "so wide of the mark that the judge was clearly mistaken." G.L., 191 N.J. at 605. Further, defendant did not raise any arguments during the hearing that the court should exclude the loans before calculating the child's one-third contribution, so the court was not expected to elaborate further on the student loans contribution.

Although the Family Part judges did not expressly cite to Newburgh, we are satisfied that the judge did not abuse his discretion in calculating contributions for the last two years of school by accounting for the parties' finances based on the prior orders. That calculation was neither unsupported by sufficient credible evidence nor clearly erroneous. See Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

However, we question why, having determined that plaintiff did not make a prima facie showing of defendant's changed circumstances so it would not recalculate child support, the court increased defendant's obligation to pay $150 in arrears per month by "add[ing] the [college contribution] $17,462 to [defendant's] probation[] account . . . ." If the court considered the $17,462 defendant would owe in college contributions and past amounts owed to the college in arrears, the court needed to make such a finding to increase the monthly amount. The court only determined that the defendant could not make a lump sum payment but did not evaluate whether defendant could pay the immediate increase or the increase to $250 on arrears after college graduation.

If the court thought a modification was justified, it needed to then review a "full financial picture" of each party. Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991). The court should not have simply accepted defendant's statements that he has no money to make the payments due. Further, in ordering such payments, the court did not account for plaintiff's changed financial situation based on the loans she took out to cover defendant's portion and her payments for transportation when defendant failed to provide a pass. But, the court appeared to acknowledge the appropriateness of a lump sum

instead of monthly payments for college costs by inquiring about defendant's probation accounts.

We note that the record demonstrates the parties continually interrupted the judge and spoke to each other rather than to the court. The court may have had sufficient reasons to support its determination, which might be absent or distorted in the record due to the parties' frequent interruptions. The court repeatedly admonished both parties for their lack of cooperation throughout the hearing and ultimately ended the hearing when the parties, especially plaintiff, continued to ignore the court's instructions to not interrupt or speak to each other.

The parties' other claims or allegations are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

In sum, we find no abuse of discretion in the Family Part judge's determination that plaintiff failed to make a prima facie showing of changed circumstances to justify recalculating college contributions and child support. Nor did the court abuse discretion with respect to its consideration of the student loans for purposes of calculating the one-third contribution. We remand the case to the Family Part for reconsideration of its decision to increase arrears and for monthly probation payments instead of lump sums, after the court receives

A-2484-19

updated CISs from parties and fully reviews the facts contained therein. Thus, the court need only reconsider how and when defendant will make payments, and not what each party was or should have contributed.

Affirmed, in part, and reversed and remanded, in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2484-19