**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0609-23

VICKIE ANN FERRARO,

    Plaintiff-Respondent,

v.

PETER B. FERRARO,

    Defendant-Appellant.

_____

Argued September 18, 2024 – Decided October 15, 2024

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0211-16.

Bettina E. Munson argued the cause for appellant (Lomurro Munson, LLC, attorneys; Bettina E. Munson, of counsel; Christina Vassiliou Harvey, of counsel and on the briefs; Sean M. Wirth, on the briefs).

Ian J. Hirsch argued the cause for respondent (Law Offices of Ian J. Hirsch & Associates, LLC, attorneys; Ian J. Hirsch and Borce Martinoski, on the brief).

PER CURIAM

Defendant appeals from the July 18, 2023 order denying his application to modify or terminate his alimony obligation to plaintiff, and the September 29, 2023 order denying reconsideration of the same.  Because we conclude the judge misapplied her discretion in applying the statutory framework, and her findings of fact were not adequately supported in the record, we vacate the orders and remand for further proceedings.

I.

We glean the pertinent facts from the motion record.  The parties were married on October 14, 1983, and divorced on February 24, 2017.  The parties incorporated a Property Settlement and Support Agreement (PSSA) into the judgment of divorce.  As pertinent here, regarding alimony, the PSSA provided defendant:  (1) would pay open durational alimony for plaintiff's support and maintenance in the sum of $6,500 per month; and (2) could modify or terminate alimony "upon [his] prospective or actual retirement . . . in accordance with N.J.S.A. 2A:34-23."  The terms in the parties' PSSA were based on defendant's average annual gross income of approximately $200,000 from his ownership of A.A. Law Movers, Inc. (AALM).

In addition, the PSSA provided the parties would distribute real property as follows:  (1) to plaintiff—(a) 101 Dewey Drive, Ortley Beach, N.J. (101

Ortley) and (b) vacant lot, Ortley Beach, N.J.; and (2) to defendant—(a) 3-35 Banta Place, Fair Lawn, N.J. (Warehouse); (b) 109 Dewey Drive, Ortley Beach, N.J. (109 Ortley); and (c) 186 So. Prospect Ave., Bergenfield, N.J. (Bergenfield).

Further, the PSSA provided AALM was valued at $400,000, and "[f]or the mutual promises and considerations . . . including [plaintiff] retaining the two (2) properties . . . and the equitable distribution payments to [plaintiff], [plaintiff] waive[d] any right, title and interest to said business."

At the time defendant filed the motion to modify or terminate his alimony obligation, he sought relief: (1) having reached "full retirement age";[1] and (2) because of his purported actual retirement as of January 1, 2023. The motion judge conducted a two-day plenary hearing. The hearing included testimony from the parties and, on behalf of defendant: the parties' son; the son's wife; and AALM's accountant.

There was no dispute that defendant was of full retirement age. Defendant's purported actual retirement was effectuated through an "Agreement For Sale of Shares of Stock of [AALM]" (the Agreement) with one of the parties' sons. The Agreement provided for a purchase price of $700,000 payable,

---

[1] N.J.S.A. 2A:34-23(j)(1).

interest free, in $5,000 equal monthly payments for a period of 140 months. As of July 1, 2023, the son had not made any payments under the Agreement. Further, AALM had not paid defendant any of the $14,000 per month rent for the Warehouse owned by defendant.

Defendant permitted the parties' son and family to reside in the Bergenfield property rent free. The judge did not impute any income to defendant for the son's use of the property. However, because defendant derived rent—$3,000 per month from a third-party's lease of a detached garage on the property—the judge included that amount as income to defendant.

In a ten-page written opinion, the judge denied defendant's motion to modify or terminate alimony. The judge acknowledged the statute created "a rebuttable presumption that alimony shall terminate upon [defendant] attaining full retirement age."[2] The judge also recognized "[t]he rebuttable presumption may be overcome . . . upon consideration of the [statutory] factors and for good cause shown."

The judge found defendant lacked credibility and noted defendant "failed to provide any financial proofs." The judge concluded:

> [d]efendant [wa]s apparently able to be generous with
> his adult children and grandchildren and himself yet

---

[2] N.J.S.A. 2A:34-23(j)(1).

asks this [c]ourt to terminate (or modify) his alimony obligation based on him reaching retirement age and allegedly "selling" his company to his son. The [c]ourt does not agree.

In short, there is nothing in [d]efendant's testimony, his witness[es]'s testimony, his exhibits, or the [c]ourt records that supports [d]efendant's assertion that he is retired in the true sense of retirement. His businesses and investments provide ample passive income, and his lifestyle indicates [d]efendant is more than capable of continuing his alimony obligation to the [p]laintiff. For all foregoing reasons, [d]efendant's request to terminate or modify his alimony obligation to the [p]laintiff in the amount of $6,500/month is denied.

## II.

Defendant contends the trial court erred in denying his motion to modify or terminate alimony because the judge: (1) considered assets—the income from the sale of AALM and rents from the Warehouse and Bergenfield property—that were equitably distributed to him at the time of the parties' divorce; (2) failed to factor in expenses—the mortgage and insurance—in determining his income from the Warehouse; (3) imposed a burden on him to establish changed circumstances rather than requiring plaintiff to overcome the "rebuttable presumption that [defendant's] alimony shall terminate upon [him] attaining full retirement age"; and (4) failed to: (i) sua sponte order discovery; (ii) "require the parties to complete updated Case Information Statements (CIS)"; (iii) take

5

"diligent precautions to preserve the sanctity of the proceedings," because, as a result of illness she oversaw the proceedings remotely rather than in the courtroom with the litigants and witnesses; and (iv) make credibility determinations regarding all witnesses and only found defendant "lack[ed] credibility."

## A.

"Each motion to modify an alimony obligation 'rests upon its own particular footing and the appellate court must give due recognition to the wide discretion which our law rightly affords to the trial judges who deal with these matters.'" Reese v. Weis, 430 N.J. Super. 552, 571-72 (App. Div. 2013) (quoting Donnelly v. Donnelly, 405 N.J. Super. 117, 127 (App. Div. 2009)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"The scope of appellate review of a trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). "The general rule is that findings by the trial court are binding on appeal when supported by adequate,

substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Inc., 65 N.J. 474, 484 (1974)).

"A more exacting standard governs our review of the trial court's legal conclusions." Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016). "[W]e do not pay special deference to its interpretation of the law." D.W. v. R.W., 212 N.J. 232, 245 (2012) (citing N.J. Div. of Youth & Fam. Servs. v. I.S., 202 N.J. 145, 183 (2010)). "That is so because the trial court is in no better position than we are when interpreting a statute or divining the meaning of the law." Ibid. "Therefore, we must review . . . legal issue[s] de novo." Id. at 245-46 (citing Balsamides v. Protameen Chems., 160 N.J. 352, 372 (1999)). "[S]tatutory interpretation . . . is a legal issue subject to our plenary review." Landers v. Landers, 444 N.J. Super. 315, 320 (App. Div. 2016) (citing Reese, 430 N.J. at 568).

## B.

Under N.J.S.A. 2A:34-23(j)(1), "[t]here [is] a rebuttable presumption that alimony shall terminate upon the obligor spouse . . . attaining full retirement age . . . ." "The rebuttable presumption may be overcome if, upon consideration of factors [(a) – (k)] and for good cause shown, the court determines the alimony should continue . . . ." Ibid.

The parties agree that defendant "attain[ed] full retirement age."[3]  Ibid.  In addressing whether plaintiff overcame the "rebuttable presumption"—that defendant's alimony obligation should terminate because he "attained full retirement age"—the trial court conducted the required analysis of the factors listed under N.J.S.A. 2A:34-23(j)(1).

Defendant's appeal focuses on the trial court's application of N.J.S.A. 2A:34-23(j)(1):  (i) "[s]ources of income, both earned and unearned, of the parties"; and (j) "[t]he ability of the recipient to have saved adequately for retirement."

Regarding the parties' income, the judge found defendant had income in the amount of $324,000 per year.  As relevant here, she found defendant's income included:  (1) $5,000 per month from the purported sale of AALM; (2) $14,000 per month from the lease of the Warehouse to AALM; and (3) $3,000 per month from the lease of the attached garage at the Bergenfield Property.  Defendant argues the judge miscalculated his income because these assets were

_____

[3]  "'Full retirement age' means 'the age at which a person is eligible to receive full retirement for full retirement benefits under section [4]16 of the Federal Social Security Act (42 U.S.C.[A.] § 416).'"  Landers, 444 N.J. Super. at 322 (quoting N.J.S.A. 2A:34-23).

distributed at the time of the parties' divorce and could not be used in the calculation of alimony.

To support his argument, defendant relies on: (1) N.J.S.A. 2A:34-23(b) that provides: "[w]hen a share of a retirement benefit is treated as an asset for purposes of equitable distribution, the court shall not consider income generated thereafter by that share for purposes of determining alimony"; and (2) N.J.S.A. 2A:34-23(j)(4) that provides: "assets distributed between the parties at the time of the entry of a final order of divorce . . . shall not be considered by the court for purposes of determining the obligor's ability to pay alimony following retirement."

We conclude defendant's reliance on N.J.S.A. 2A:34-23(b) is misplaced. There is no support for the proposition that the properties were "retirement benefit[s]" under the statute.

Under N.J.S.A. 2A:34-23(j)(4), the court may not consider the value of the assets—the properties—as income, however, the court may consider the income derived from the properties in the calculation of alimony. It is well-established that "income generated by [an exempt asset] is no different from income generated by any other asset, exempt or otherwise, for an alimony analysis." Aronson v. Aronson, 245 N.J. Super. 354, 363 (App. Div. 1991).

"The fact that such income is generated by an exempt asset is of no moment." Ibid.

"Although exempt assets are inviolable in themselves . . . the income thrown off by them, like the income generated by a distributed asset, is an entirely different matter." Id. at 363-64 (citing Lepis v. Lepis, 83 N.J. 139, 154 (1980); Esposito v. Esposito, 158 N.J. Super. 285, 300 (App. Div. 1978); Lavene v. Lavene, 162 N.J. Super. 187, 203 (Ch. Div. 1978)). The exempt asset "is clearly 'eligible for inclusion in the calculus used to arrive at a modification of the alimony award.'" Id. at 364 (quoting Innes v. Innes, 117 N.J. 496, 513 (1990)).

Although N.J.S.A. 2A:34-23(j) was added to the statute in 2014, and there are no reported cases examining its language, we are convinced the section did not effectuate a departure from well-established law. Indeed, N.J.S.A. 2A:34-23(b)(11), requires the court to consider "[t]he income available to either party through investment of any assets held by that party," when considering the award of alimony. Therefore, N.J.S.A. 2A:34-23(b)(11) requires the court to consider income from "any asset," which includes an asset distributed at the time of divorce.

A-0609-23

Applying N.J.S.A. 2A:34-23(j) and the controlling case law to defendant's sale of AALM, we conclude the purported sale of AALM could not be considered income for purposes of alimony. Instead, since AALM was distributed to defendant at the time of the divorce and was merely liquidated by defendant in the purported sale, it generated no income for purposes of an alimony calculation. Therefore, we conclude the judge misapplied her discretion by including the value of the sale of AALM as income in her alimony calculation.

Similarly, the distribution of the Warehouse and the Bergenfield properties to defendant at the time of divorce exempted the value of those properties in calculating defendant's income. However, the incomes defendant derived from the Warehouse and the Bergenfield properties would not be exempt from the calculation of alimony.

Therefore, we conclude the trial court permissibly considered the rent from the Warehouse and Bergenfield properties in the calculation of defendant's income for alimony. Nonetheless, the income calculation must be net of expenses. Here, the judge found the Warehouse was encumbered by a $987,000 mortgage. Defendant argues the mortgage and insurance costs equal $10,163.67 per month and "[i]f the mortgage and insurance were taken into consideration,

11

the approximate income derived from this property would have been $3,839.33" per month. We decline to resolve these factual issues here, however, on remand the trial court must consider expenses in the calculation of net income. Similarly, the remand court must consider defendant's expenses related to the Bergenfield garage.

As to factor (j) and plaintiff's "ability to adequately save for retirement," the judge stated that "[p]laintiff . . . did not provide financial proofs with her updated CIS so the [c]ourt does not know what amounts [p]laintiff has in savings, if any, or what interest income [p]laintiff may earn." In addition, the judge found defendant paid "total pendente lite [monies] and alimony . . . [of] approximately $614,500" and that plaintiff owned 101 Ortley "outright and that her automobile [wa]s paid off." However, the judge failed to provide any analysis of whether plaintiff had the "ability to save for retirement."

Therefore, we remand the matter for the trial court to conduct, anew, the analysis required under N.J.S.A. 2A:34-23(j)(1).

### III.

The parties acknowledge defendant reached "full retirement age" under N.J.S.A. 2A:34-23(j)(1). Therefore, in denying defendant's motion to

"terminate" alimony, the judge must have concluded that plaintiff overcame the rebuttable presumption that "alimony shall terminate."  Ibid.

Where "the court determines . . . that the presumption has been overcome, then the court shall apply the alimony factors as set forth in [N.J.S.A. 2A:34-23(b)] to the parties' current circumstances in order to determine whether modification or termination of alimony is appropriate."

Here, however, the judge erred in failing to conduct the N.J.S.A. 2A:34-23(b) analysis.  Therefore, on remand, if the court concludes plaintiff can overcome the rebuttable presumption to terminate alimony, it must conduct the analysis required under N.J.S.A. 2A:34-23(b).

IV.

Rule 5:5-4(a)(4) provides:

> [w]hen a motion . . . is filed for modification or termination of alimony . . . other than an application based on retirement filed pursuant to N.J.S.A. 2A:34-23(j)(2) and (j)(3), the movant shall append copies of the movant's [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified.  If the court concludes that the party seeking relief has demonstrated a prima facie showing of a substantial change of circumstances or that there is other good cause, then the court shall order the opposing party to file a copy of a current [CIS].

13

Here, the trial court noted the parties failed to provide a complete and current CIS. However, under Rule 5:5-4(a)(4), defendant was required to "append copies of [his current CIS] and [his CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified."

Moreover, since defendant "attained full retirement age," N.J.S.A. 2A:34-23(1); he made a "prima facie showing of a substantial change of circumstances." R. 5:5-4(a)(4). Therefore, plaintiff was required "to file a copy of a [CIS]." Ibid.

The "mandate [requiring CIS] is not just window dressing." Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991). Instead, a CIS permits "the trial judge to get a complete picture of the finances of the movants," id. at 253; and permits the trial court to "scrutinize" the finances of each party. Id. at 254.

Therefore, on remand each party must provide a complete and current CIS. Thereafter, the remand court can determine if there is a need for discovery and a hearing. See Lepis, 83 N.J. at 158-59.

V.

We direct the remand to be considered by a different judge. Although the judge here issued a thoughtful opinion explaining her decision, "out of an

14

abundance of caution," we direct that a different judge be assigned to the remand to avoid any claim of impartiality based on the reviewing judge's original findings, including credibility, and legal conclusions. See Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999) (stating the power to remand to a different judge "may be exercised when there is a concern that the trial judge has a potential commitment to [the judge's] prior findings."); see also Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001) (recognizing "time and effort the court put into the case" but expressing concern that judge would be in an "untenable position" on remand).

To the extent we have not specifically addressed any of defendant's other arguments, we conclude they are either moot or lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0609-23