ANNA BONANNO, PLAINTIFF-RESPONDENT, v. BENEDICT BONANNO, DEFENDANT-APPELLANT.

Argued February 14, 1950—Decided March 20, 1950.

*Mr. Samuel Voltaggio* argued the cause for the appellant (*Mr. Alexander J. Matturri,* attorney).

*Mr. Lewis Sheps* argued the cause for the respondent (*Mr. Anthony M. Zoppi,* attorney).

The opinion of the court was delivered by

ACKERSON, J. The parties hereto are husband and wife and are living apart. The defendant husband appealed to the Appellate Division of the Superior Court from an order of the Essex County Juvenile and Domestic Relations Court discharging his rule to show cause why the provision for his wife's support contained in a prior order in this cause should not be reduced. This appeal, while pending in the Appellate Division, was certified here on our own motion.

The record before us is very meager. It shows that on the return day of the aforesaid rule to show cause no testimony was taken. The matter presented thereby was argued by the respective attorneys who have submitted a signed "statement in lieu of stenographic record" pursuant to *Rule* 1:2–22.

It appears from this statement that on April 2, 1947, the plaintiff filed a complaint against her husband in the Essex

County Juvenile and Domestic Relations Court alleging his failure to provide her with adequate support and maintenance. Upon hearing these charges, the court entered an order on April 14, 1947, requiring defendant to pay $16 weekly toward his wife's support and maintenance. This sum was reduced to $14 per week by an order of that court dated October 10, 1949, which order also directed the payment of arrearages totaling $48 at the rate of $1 per week. Thereafter, on November 14, 1949, the defendant obtained the aforementioned rule to show cause in an effort to further reduce the $14 weekly allowance. This rule was discharged by an order dated November 30, 1949, upon the finding that the defendant admitted that he had "at least $1,800.00 cash" in a bank, owned a 1948 Hudson four-door automobile, and was receiving $22 per week unemployment compensation. The statement further reveals that the wife is working, earning $1,800 a year, and the parties are not living together. It is this latter order refusing to reduce the $14 weekly support order of October 10, 1949, which is before us for review.

The appellant contends that the trial court erred in not modifying this support order to a nominal amount in view of his present financial circumstances. He argues that his current income does not warrant such weekly payments. It is said that in order to meet them he will be compelled to deplete his savings, sacrifice his automobile and drift into bankruptcy because his income of $22 per week, received in the form of unemployment benefits, leaves him with only $8 a week on which to live after the $14 for respondent's support is deducted therefrom. It is further argued that the trial judge based his decision on defendant's capital assets which are not income producing and erroneously disregarded his wife's yearly income of $1,800 from her employment. In opposition, the plaintiff asserts that ample facts appear to sustain the court's action under the applicable law.

Other factual matters, not appearing in the statement in lieu of record, are projected by counsel in their briefs, but we are restricted to the evidence appearing in such statement. *Rules* 1:2–22, 23.

The Juvenile and Domestic Relations Court, by virtue of an amendment to *R. S.* 9:18–14 in 1946 (*P. L.* 1946, *c.* 77, § 2, *p.* 268), now has concurrent jurisdiction with the Chancery Division of the Superior Court in matters pertaining to the support of a deserted spouse. Prior to this amendment it had been considered that the term "adequate support" in the statute as it then existed, pertaining to Juvenile and Domestic Relations Courts, contemplated support adequate to the aim of preventing a wife from becoming a public charge. *Lasasso v. Lasasso,* 1 *N. J.* 324, 328 (1949). Now, however, these courts, in the exercise of such concurrent jurisdiction, may base an award for support on the same obligations recognized by the Chancery Division, *i. e.,* the common law duty of a husband to provide suitable support and maintenance for his wife in a manner commensurate with his means and circumstances.

This fundamental duty imposed by the common law upon a husband has long been recognized and enforced in this State. The duty to support and maintain his wife is the husband's primary obligation and arises out of the status of wedlock by reason of public policy recognized and enforced by civil and common law, and by the legislation incorporated in *R. S.* 2:50–39 (*P. L.* 1907, *c.* 216, § 26, *p.* 482). Such common law obligation to support continues during the existence of the marital relationship and is not dependent upon the husband's prosperity or financial vicissitudes, although strained financial circumstances or inability to work may, in a proper case, excuse a present failure to support. *Royce v. Royce,* 124 *N. J. Eq.* 469 (*E. & A.* 1938); *Robins v. Robins,* 106 *Id.* 198, 201 (*E. & A.* 1929); *Sobel v. Sobel,* 99 *Id.* 376, 379 (*E. & A.* 1925); 26 *Am. Jur.* (*Husband & Wife*), § 337, *p.* 934 *et seq.;* 41 *C. J. S.* (*Husband & Wife*), § 15, *p.* 404 *et seq.;* 1 *Herr on Marriage, Divorce and Separation,* § 336, *p.* 432.

As to the amount required for support, the general rule is that it should be suitable to the circumstances of the parties. The fixing of the amount is largely a matter of judicial discretion since it is intimately connected with the field of

domestic relations where usually no two cases are exactly alike. This is likewise true regarding the question of alimony. The purpose of the award is not to punish the guilty husband, nor to enrich the innocent wife. *O'Neill v. O'Neill,* 18 *N. J. Misc.* 82, 89 (*Ch.* 1939); affirmed, 127 *N. J. Eq.* 278 (*E. & A.* 1940).

However, the law is well settled that the duty to support resting upon a husband is not dependent upon the adequacy or inadequacy of the wife's means, that she is working and earning an income or capable of working and supporting herself. *Fitzsimmons v. Federal Shipbuilding and Dry Dock Co.,* 4 *N. J.* 110 (1949). The true exposition of the rule governing the computation of support and maintenance was authoritatively stated by our former Court of Errors and Appeals in *Dietrick v. Dietrick,* 88 *N. J. Eq.* 560, 561 (*E. & A.* 1917), as follows:

"The amount is not fixed *solely* with regard, on the one hand, to the actual needs of the wife, nor, on the other, to the husband's actual means. There should be taken into account the physical condition and social position of the parties, the husband's property and income (including what he could derive from personal attention to business), and also the separate property and income of the wife. Considering all these, and any other factors bearing upon the question, the sum is to be fixed at what the wife would have the right to expect as support, if living with her husband. *Richmond v. Richmond,* 2 *N. J. Eq.* 90; *Boyce v. Boyce,* 27 *N. J. Eq.* 433."

*Dinnebeil v. Dinnebeil,* 109 *N. J. Eq.* 594 (*E. & A.* 1931); *Robins v. Robins, supra; Schaeffer v. Schaeffer,* 119 *Id.* 27, 29 (*E. & A.* 1935); 26 *Am. Jur.* (*Husband & Wife*), § 338, *pp.* 935-938.

The Married Women's Act (*R. S.* 37:2–1 *et seq.*), giving a wife rights which she did not formerly enjoy at common law, has not changed the common law duty of her husband to provide her with adequate support; nor is he relieved ordinarily from this duty because his wife has adequate means of her own or a separate estate. Such duty still devolves upon the husband. *Wilson v. Herbert,* 41 *N. J. L.* 454, 459-460 (*Sup. Ct.* 1879); *Rich v. Rich,* 12 *N. J. Misc.* 310, 318

(*Juvenile & Domestic Rel. Ct.* 1934); 1 *Herr on Marriage, Divorce and Separation,* § 336, *pp.* 432-434; 26 *Am. Jur.* (*Husband & Wife*), § 339, *p.* 938.

The rule is well settled in this State, and elsewhere, that while the husband's current income is the primary fund looked to for his wife's support where they are separated, nevertheless, the husband's property and capital assets and his capacity to earn the support awarded by diligent attention to business—his earning capacity or prospective earnings—are all proper elements for the court's consideration in fixing the amount of the award. *Hess v. Hess,* 134 *N. J. Eq.* 360 (*E. & A.* 1943); *Robins v. Robins, supra; Dietrick v. Dietrick, supra; Schaeffer v. Schaeffer, supra; Furth v. Furth,* 39 *A.* 128 (*Ch.* 1898), (not officially reported); 1 *Herr on Marriage, Divorce and Separation,* § 375, *pp.* 480 *et seq.; Notes:* 6 *A. L. R.* 6, 73; *Ibid., pp.* 192 *et seq.;* 139 *A. L. R., pp.* 210 *et seq.;* 41 *C. J. S.* (*Husband and Wife*), § 15, *p.* 412.

In the case *sub judice* the court undoubtedly considered the fact that the defendant's industry had enabled him to save "at least $1,800" and to acquire an automobile of recent make while supporting his wife and himself, and that in all probability his unemployment is only temporary. His ability to earn and the probability of his earning the support awarded are relevant matters to be considered in fixing the amount thereof. In *Robins v. Robins, supra,* 106 *N. J. Eq.* at *p.* 200, the court noted in this connection that "* * * If it were otherwise, a husband, by deliberate intent or disinclination to work, might defeat or avoid his marital obligation of support." Parenthetically there is nothing in the record before us to indicate that the defendant is incapacitated or otherwise incapable of working or that his unemployment is other than temporary.

We therefore conclude that the court below, on the evidence disclosed by the "statement in lieu of stenographic record," was justified in dismissing the defendant's rule for a modification of the support order of October 10, 1949. There was no abuse of discretion in so doing. *Cf. Botteri v. Botteri,* 137 *N. J. L.* 61 (*Sup. Ct.* 1948).

 If the defendant's circumstances materially worsen in the future, he is free to re-apply for a reduction in the amount of such order since it remains within the control of the court and is subject to modification in the light of changed circumstances. *Cf. Lindquist v. Lindquist,* 130 *N. J. Eq.* 611, 613 (*E. & A.* 1941) ; *Lasasso v. Lasasso, supra.*

The order under appeal is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal and remandment*—Justice WACHENFELD—1.