113 N.J. Super. 591 (1971)
274 A.2d 619
COLON McCOY, PLAINTIFF,
v.
GERALDINE McCOY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 3, 1971.
*592 Mr. Gerald Kaplan argued the cause for plaintiff. (Messrs. Lieb, Teich and Berlin, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff seeks divorce on the ground of desertion. The Domestic Relations Court file (R. 4:79-6) discloses that during the charged period of desertion defendant was of necessity in receipt of public assistance payments from the Essex County Welfare Board to a total of $1,470.00, all of which remains unreimbursed by plaintiff to that board. Plaintiff was able-bodied and employed in that period and still is.
By virtue of his marriage to defendant, plaintiff incurred the obligation of her support. Bonanno v. Bonanno, 4 N.J. 268 (1950).
Does the equitable maxim  He who comes into equity must come with clean hands  apply to matrimonial cases and if so to the facts herein involved?
The maxim does apply to matrimonial cases. Woodward v. Woodward, 41 N.J. Eq. 224 (Ch. 1886); Shepherd v. Ward, 5 N.J. 92 (1950); Untermann v. Untermann, 19 N.J. 507 (1955).
The iniquity which deprives a suitor of a right to justice in a court of equity, is not general iniquitous conduct, unconnected with the act of the defendant which the complaining party states as his ground or cause of action, but it must be evil practice or wrongful conduct in the particular matter or transaction in respect to which judicial protection or redress is sought. 1 Pom Eq. Jur. § 399. [Woodward v. Woodward, supra, at 225]
A court of equity acts only when and as conscience commands, and, if the conduct of the plaintiff be offensive to the dictates of natural justice, then, whatever may be the rights he possesses, and whatever use he may make of them in a court of law, he will be held remediless in a court of equity. [Deweese v. Reinhard, 165 U.S. 386, 390, 17 S.Ct. 340, 341, 41 L.Ed. 757, 758 (1897)].
See also, Bein v. Heath, 6 How. 228, 247, 12 L.Ed. 416, 424 (1848); Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814-815, 65 S.Ct. 993, 89 L.Ed. 1381, 1386 (1945).
*593 There can be no doubt but that a failure to support a wife while able to do so is evil practice or wrongful conduct or offensive to the dictates of natural justice where the spouse to the marriage seeks divorce on a desertion covering the period of time in which plaintiff did not support defendant and threw her on public welfare for the necessities of life.
Complaint dismissed.