186 N.J. Super. 116 (1982)
451 A.2d 969
YVONNE ARRIBI, PLAINTIFF,
v.
RICHARD ARRIBI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided August 11, 1982.
Joseph S. Conte for plaintiff.
Celine November for defendant (Hart & November, attorneys).
KRAFTE, J.J.D.R.C. (temporarily assigned).
Can a father, ordered by the court to pay child support, upon becoming unemployed decide to accept only employment in his *117 field and thereby remain, for a considerable period of time, financially unable to pay such support? No New Jersey court has heretofore addressed this question. We do now and answer in the negative.
This proposition is before this court within a motion presenting a relatively simple factual picture.
Plaintiff, both recently unemployed and having undergone major surgery, moves for, among other things, an order holding defendant in contempt for failure to abide by the final judgment of divorce which required him to pay $40 a week support for the minor child who is in the mother's physical custody.
Defendant responds by noting that he was laid off from his job on or about December 2, 1981, when his employer was about to file bankruptcy.
Defendant, while not possessing a college degree, was a staff accountant at his place of employment, and states that while having worked in accounting departments of corporations, he gained a substantial accounting background. Further, defendant, in discussing future employment, goes on to say that any potential employer would accept a person with a college degree prior to employing him.
Defendant next relates that, on occasion, he would bartend, thus assisting him in earning sufficient funds to make support payments. He then makes the following statement in his certification: "That option [bartending] is not open to me, I do not see why I should be forced to be a bartender when my field is accounting."
Defendant has now been unemployed for eight months. His available unemployment compensation benefits expired in February 1982. He has made no support payments since.
The closest philosophic expositions may be found in a line of New Jersey cases dating back to 1929. In Robins v. Robins, 106 N.J. Eq. 198 (1929), Justice McGlennon refused to disturb an alimony award where defendant removed himself from a $40,000 *118 a year medical practice to one where his earnings were but $3,100 a year, the court finding that defendant's actions were largely motivated by a desire to evade his legal obligations.
Our Supreme Court, in Bonanno v. Bonanno, 4 N.J. 268 (1950), refused, despite defendant's unemployment, to overturn a lower court's denial of defendant's application to reduce support owing to plaintiff. The court stated that the husband's "capacity to earn the support awarded by diligent attention to business  his earning capacity or prospective earnings  are [is] all proper elements for the Court's consideration ...." in fixing an amount of support. Id. at 275.
More recently, in Lynn v. Lynn, 165 N.J. Super. 328 (App.Div. 1979), a voluntary but good faith change of medical specialities, resulting in a severe although temporary decrease in the defendant's earning capacity, was not a cause for a decrease in child support, although there were, in that case, other assets upon which to draw.
The pervading philosophy in the aforementioned cases is clear: one cannot find himself in, and choose to remain in, a position where he has diminished or no earning capacity and expect to be relieved of or to be able to ignore the obligations of support to one's family. We do not scold defendant for the loss of his previous job. What we do say is that this apparently able-bodied defendant cannot sit back and allow his child to go without support, while he somewhat complacently waits for a job only in his field.
Defendant, and more accurately his former wife and their son, cannot afford the luxury of his waiting for employment in his field, especially when he acknowledges that he is at a distinct disadvantage in seeking an accounting job. This defendant cannot be content with waiting for the "right" job to appear when he is obligated to pay support for his child. This is especially so even if it means he must bartend, or work outside his field, while waiting for a job in the accounting arena.
*119 Defendant is hereby ordered to report to the Bergen County Probation Department Job Bank and directed to obtain gainful employment through it or through independent means, and shall report to this court on September 17, 1982, at 9 a.m.