262 N.J. Super. 176 (1992)
620 A.2d 454
ROSEMARY GERTCHER, PLAINTIFF,
v.
HENRY GERTCHER, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County, Family Part.
Decided December 8, 1992.
Herman Osofsky for plaintiff.
Scott W. Bazzani for defendant.
KRAFTE, J.S.C.
The issue raised by this motion is whether a temporarily unemployed mother should have income imputed when calculating child support under the guidelines. This court answers in the affirmative.
*177 The plaintiff moved for child support and alimony, supporting her motion with a Case Information Statement and Certification indicating that she had been working and earning $312.00 per week net. Plaintiff alleges she was recently fired from her job because of stress arising from the divorce. In opposition, defendant filed a cross-motion with a Certification and Case Information Statement.
This court finds that defendant earned $725.00 per week net and that plaintiff earned $312.00 per week at her former job. Based on these figures, this court calculates that under the Child Support Guidelines defendant should pay $215.00/week in child support. Further, the court did not award alimony based on these calculations.
It has often been held that temporary unemployment is not grounds for a modification of support. Modification motions such as this are routinely denied by trial courts when made by a payor-father.
One rationale for these decisions is the theory that it is not a party's actual employment which is significant but that it is a party's immediate past ability to earn a specific salary and to find employment which will yield an income sufficient to fulfill their obligations which the court must evaluate. One of the strongest indicators of a party's ability to earn is the salary which he or she was recently earning, especially when a party has been unemployed for only a brief period of time.
One of the primary concerns of the child support laws, and guidelines, is the prompt and adequate support of children. Prior cases indicate that children of divorced parents should not alone bear the full brunt of divorcing parents financial problems. The courts have recognized that when parties suffer temporary fiscal setbacks the loss may not be shifted to the children. The Supreme Court in Bonanno v. Bonanno, 4 N.J. 268, 72 A.2d 318 (1950) held that "capacity to earn the support awarded by diligent attention to business  his earning capacity or prospective earnings  are all proper elements for the court's *178 consideration...." Id. at 275, 72 A.2d 318. In addition, this court has held that a payor spouse may not decide to accept employment only in his preferred field after becoming unemployed and thereby remain unable to pay child support. Arribi v. Arribi, 186 N.J. Super. 116, 451 A.2d 969 (Ch.Div. 1982).
This court finds that these rules are no less justified for the payee spouse than for the payor spouse. When establishing child support the court's primary concern is the child. Each spouse has a proportional responsibility to provide for the child's needs. Income imputation should not be based upon sex or custodial position. Therefore, this court shall impute the former income of a temporarily unemployed spouse when calculating a child support award, even if it is the custodial parent.