**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4137-16T1

DEANA CYNAR,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

LOUIS CEREFICE,

    Defendant-Appellant/
    Cross-Respondent.

_____

        Submitted June 4, 2018 — Decided August 7, 2018

        Before Judges Whipple and Rose.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Hunterdon
        County, Docket No. FM-10-0159-15.

        Carter, Van Rensselaer and Caldwell, attorneys
        for appellant/cross-respondent (William J.
        Caldwell, on the briefs).

        Einhorn, Harris, Ascher, Barbarito & Frost,
        attorneys for respondent/cross-appellant
        (Kristi L. Terranova, of counsel and on the
        brief; Jessie M. Mills and Matheu D. Nunn, on
        the brief).

PER CURIAM

Defendant Louis Cerefice appeals from two orders of the Family Part dated February 22 and April 28, 2017, and plaintiff Deana Cynar cross-appeals from the April 28, 2017 order. For the reasons that follow, we affirm the trial court's decision.

We discern the following facts from the record on appeal. The parties were married in 2005 and divorced on April 17, 2015, after entering into a marital settlement agreement (MSA) incorporated into a Dual Final Judgment of Divorce. Under the MSA, defendant was obligated to pay plaintiff limited duration alimony of $30,000 per year, payable in $1250 bi-monthly installments, for five years. The alimony was based on plaintiff earning approximately $88,000 per year and defendant earning approximately $200,000 per year.

In May 2016, defendant learned his employment would be terminated effective May 31, 2016. The employer agreed to pay severance of $185,525 through November 2016. He also received a payment of $28,255.67 for unpaid bonuses and was eligible for another lump sum payment for unused vacation days.

On October 25, 2016, defendant moved to suspend his alimony obligation because he was unemployed. On December 1, 2016, plaintiff cross-moved asking the court to deny defendant's motion in its entirety, enforce the MSA, and for attorney's fees. She also advised the court that she recently lost her job.

While his motion was pending, defendant made no alimony payment for December 2016. For January and February 2017, defendant, on his own initiative, paid a reduced alimony of $833 per month.

However, by December 9, 2016, defendant had obtained new employment with a salary of $108,000 and bonus potential. He did not notify the court or submit an updated certification. Rather, plaintiff's counsel informed the court by letter dated February 7, 2017. The letter also advised the court that plaintiff found new employment with a $75,000 salary.

The trial court denied defendant's motion to suspend his alimony obligation and awarded plaintiff $1000 in partial attorney's fees on February 22, 2017. The court explained defendant did not show changed circumstances warranting a suspension of his alimony obligation, noting his severance only recently ran out in November 2016. The court further noted defendant obtained a new job between filing his motion and oral arguments, but he did not inform the court.

On March 6, 2017, defendant moved for reconsideration or alternatively, to stay the February 22 order. Plaintiff cross-moved for, among other things, attorney's fees. Defendant filed a reply certification, wherein he advised the court he accepted another new job with a base salary of $172,000.

A-4137-16T1

On April 28, 2017, the court denied defendant's motion and awarded plaintiff an additional $2500 in attorney's fees. The judge determined defendant did not satisfy his burden for reconsideration pursuant to Rule 4:49-2. The court also further explained its reasoning for denying defendant's initial motion to suspend his alimony obligation, stating the motion was premature because although defendant's job ended in May 2016, he received severance equal to his full salary through November 2016. The court found defendant's employment circumstances were only temporary and did not warrant modification. Defendant failed to present significant evidence of his job search efforts and did not provide the court with information regarding his newly obtained job. The court granted plaintiff's request for additional attorney's fees because defendant's motion was premature and defendant violated litigant's rights by engaging in self-help and failing to pay the appropriate alimony.

This appeal followed. Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Due to "the special jurisdiction and expertise of the family court," we defer to factual determinations made by the trial court as long as they are "supported by adequate, substantial, and credible evidence in the record." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citing Cesare, 154 N.J. at 413).

4

We will not disturb the fact-findings of the trial judge unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interest of justice." Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 151 (App. Div. 2003) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "[D]eference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007) (quoting Cesare, 154 N.J. at 412). Absent compelling circumstances, we may not substitute our judgment for that of the trial court, which has become familiar with the case. Schwartz v. Schwartz, 68 N.J. Super. 223, 232 (App. Div. 1961).

## I.

Defendant argues now that on the initial return date of his motion, his annual income had substantially decreased to mere unemployment benefits, which impaired his ability to support himself. He contends he was unemployed for over six months since he was terminated in May 2016 and did not obtain a new job until December 2016. Defendant contends the motion judge erred by declining to hold a plenary hearing because there was prima face proof of changed circumstances. We disagree.

Under the MSA, defendant agreed to pay plaintiff limited duration alimony in the sum of $30,000 per year, payable in $1250 bi-monthly installments, for five years.  It further provided the alimony obligation "shall be subject to modification or suspension . . . as permitted by New Jersey statutory or case law." Accordingly, the onus was on defendant to demonstrate changed circumstances in order to suspend his alimony obligation.  J.B. v. W.B., 215 N.J. 305, 327 (2013) (citing Lepis v. Lepis, 83 N.J. 139, 146-48 (1980)) ("When a party to a comprehensive negotiated [MSA] seeks to modify any support obligation, that party must meet the threshold standard of changed circumstances.").  Changed circumstances that justify an increase or decrease of support include an increase in the cost of living, an increase or decrease in the income of the supporting or supported spouse, cohabitation of the dependent spouse, illness or disability arising after the entry of the judgment, and changes in federal tax law.  Lepis, 83 N.J. at 151.  Temporary circumstances are an insufficient basis for modification.  Innes v. Innes, 117 N.J. 496, 504 (1990) (citing Bonanno v. Bonanno, 4 N.J. 268, 275 (1950)).

The decision to modify or suspend an alimony obligation "based upon a claim of changed circumstances rests within a Family Part judge's sound discretion."  Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) (citations omitted).  "There is, of course,

6

no brightline rule by which to measure when a changed circumstance has endured long enough to warrant a modification of a support obligation." Id. at 23. Rather, "such matters turn on the discretionary determinations of Family Part judges, based upon their experience as applied to all the relevant circumstances presented, which we do not disturb absent an abuse of discretion." Ibid. The threshold issue in determining whether to hold a plenary hearing is if "the movant has made a prima facie showing that a plenary hearing is necessary." Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007).

The trial court's determination defendant failed to illustrate a prima facie case of changed circumstances warranting a plenary hearing is supported by competent evidence in the record. The record reveals defendant continued to receive substantially the same income as contemplated in the MSA. As such, he has not shown an inability to pay and the judge's sound decision to deny him a plenary hearing was not an abuse of discretion.

## II.

We further reject defendant's assertion that the motion judge abused her discretion in awarding plaintiff partial attorney's fees. The record demonstrates his bad faith. However, we also reject plaintiff's cross-appeal, arguing the motion judge should have awarded her full attorney's fees because defendant's motion

for reconsideration was baseless, defective, and filed in bad faith. Plaintiff argues defendant earns significantly more money than her, and while he had a period of unemployment, he continued to receive severance equal to his previous salary. She contends that he improperly engaged in self-help in modifying alimony, twice failed to inform the court of new employment, purposely omitted relevant information from his applications to the court, filed a motion for changed circumstances while still receiving his base salary in the form of severance, and filed a motion for reconsideration without any basis.

"An award of counsel fees is only disturbed upon a clear abuse of discretion." J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012) (quoting City of Englewood v. Exxon Mobile Corp., 406 N.J. Super. 110, 123 (App. Div. 2009)). We "will disturb a trial court's determination on counsel fees only on the 'rarest occasions, and then only because of a clear abuse of discretion.'" Ibid. (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Rule 4:42-9(a)(1) states "[n]o fee for legal services shall be allowed . . . except [i]n a family action . . . pursuant to Rule 5:3-5(c)."

Here, plaintiff requested an award of $5881.25 in counsel fees and costs for defendant's motion for reconsideration. The motion judge awarded plaintiff $1000 in partial attorney's fees

for defendant's initial motion and an additional $2500 for the motion for reconsideration.  Plaintiff has not demonstrated the motion judge abused her discretion in awarding partial attorney's fees.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4137-16T1