**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1032-20

JIWON SONG,

     Plaintiff-Respondent,

v.

KWANG ROH,

     Defendant-Appellant.

_____

Submitted June 6, 2022 – Decided July 14, 2022

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0389-19.

Kwang Roh, appellant pro se.

Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys for respondent (Adelaide Riggi, of counsel and on the brief).

PER CURIAM

In this post judgment dissolution matter, defendant Kwang Roh appeals from the Family Part's October 28, 2020 order, denying his motion for reconsideration of a July 27, 2020 order[1] that found him in violation of plaintiff Jiwon Song's rights. The order was entered after the motion judge concluded defendant failed to satisfy his burden on reconsideration and abide by the child support and related provisions of the parties' October 16, 2019 marital settlement agreement (MSA) that was incorporated into their final judgment of divorce (JOD) of the same date. On appeal, defendant argues the motion judge erred by "accepting plaintiff's wrong arrear[s] calculation," and "misjudg[ed] defendant's income and permanent financial situation[]."

We accept defendant's contention, with plaintiff's agreement, that an error exists in the calculation of his arrears. However, we reject defendant's argument that reconsideration was warranted as to his support modification motion and we affirm, substantially for the reasons stated in the motion judge's statement of reasons that accompanied the order under appeal.

---

[1] The appeal is limited to the October 28, 2020 order as neither defendant's notice of appeal nor case information statement refer to the earlier order. See Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 142 (2016) (stating an order "clearly identified [in a] [c]ase [i]nformation [s]tatement submitted with [a] [n]otice of [a]ppeal" is deemed properly before the court for review).

A-1032-20

I.

The facts derived from the motion record are summarized as follows. The parties married in 2015. They had two children, a daughter who will be turning sixteen in the fall, and a son who is now twelve years old. As already noted, they divorced in 2019 pursuant to the JOD that incorporated their MSA that was reached the same day.

Under the MSA, defendant's alimony obligation totaled $5,666.66 per month, and above Guidelines child support[2] was fixed at $2,958 per month, calculated as child support in the amount of $1,458 plus $1,500 per month for extracurricular activities.

Within a few months of being divorced, beginning in or about June 2020, the parties began to litigate defendant's compliance with the terms of the MSA. According to plaintiff, during the eight months since they became divorced, defendant had not paid support in full or otherwise comply with various provisions of the MSA. As a result, plaintiff filed a motion that was based upon defendant's failure to pay support, address the division of his retirement assets, and secure life insurance. At that time, plaintiff alleged she was owed $12,000

---

[2] New Jersey Child Support Guidelines. See, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A ¶ 2, www.gannlaw.com (2022).

for child support and $6,500 for half of defendant's share of the children's equestrian lesson expense.

Defendant opposed plaintiff's motion and filed a cross-motion. In his application, defendant sought to reduce his alimony obligation, and limit his child support obligation to the base amount allocated for support, without any payment towards the extracurricular expenses as agreed to in the MSA. In his supporting certification, defendant claimed that "even before the divorce ha[d] finalized, [he] expected that [his] bonus in 2020 would be much lower than the last year's due to the changing aspects of [his] current job." He expected that the "total pre[-]tax income in 2020 [to] be approximately $199,600 vs. $312,100 in 2019 due to lower bonus amount." According to defendant, his 2019 bonus was $150,000, but in 2020 it was reduced to $37,500.[3]

Defendant contended that in the past, plaintiff's "lavish living style" was funded by her "rich parents," not by him and he could not do so as his income was now less than it had been in the past. Addressing his expenses, defendant stated that his current monthly net income was $11,848.27, and after paying his

_____

[3] Defendant did not support his allegations with the required case information statements, see R. 5:5-4, or any supporting documents, such as pay stubs, tax returns or any other similar financial documents.

A-1032-20

monthly expenses, including alimony and child support, his net income would be $1,159.66 a month to pay "for all [his] personal expenses."

In his July 27, 2020 order, as already noted, the motion judge granted plaintiff's motion and denied defendant's motion for modification of his support obligation. In the written explanation of his reasons that was incorporated into the order, the judge reviewed the applicable case law controlling the enforcement of settlement agreements and applications for modification. The judge concluded that defendant did not establish that he was entitled to relief since defendant anticipated he would be experiencing a reduction of income when he signed the MSA, and there was insufficient evidence to support modification.

The motion judge summed up his ruling as follows:

> Here, the parties entered into their [MSA] freely and voluntarily less than a year ago. As such, this [c]ourt is within its rights to fully enforce all aspects of same. After parties entered into a voluntary agreement, the [c]ourt should not draft a new agreement for the parties, nor should the court modify the agreed-upon provisions, where the alleged changed circumstances were envisioned by the parties and dealt with specifically in the agreement. . . . Defendant hinges his argument on the fact that his changed financial circumstances stem from his bonus being lower in 2020 than it has in prior years, however, . . . [d]efendant, by his own admission acknowledged that prior to the divorce even being finalized he knew his bonus would

5

be lower. It is clear then that . . . [d]efendant anticipated and acknowledged that his circumstances could and would be different and still freely entered into and signed the MSA with . . . [p]laintiff. Thus, a fair and definitive agreement reached by way of mutual consent should not be unnecessarily or lightly disturbed. This [c]ourt shall enforce all aspects of the parties' MSA.

Nevertheless, the motion judge also addressed defendant's argument that the requirements of the MSA should be modified. The judge concluded that defendant failed to meet his burden in this regard. The judge stated the following:

[A] modification of a support obligation is not warranted if the change in circumstances is "only temporary" or is "expected but [has] not yet occurred." Bonanno v. Bonanno, 4 N.J. 268, 274 (1950); [s]ee also, Donnelly v. Donnelly, 405 N.J. Super. 117 (App. Div. 2009).[4]

_____

[4]  In Donnelly, we noted as follows:

[I]t is not enough that an obligor demonstrate a reduction in income; the obligor must also demonstrate how he or she has attempted to improve the diminishing circumstances. See, e.g., Aronson v. Aronson, 245 N.J. Super. 354, 361 (App. Div. 1991) (concluding that a movant had failed to present a prima facie case of changed circumstances when "what he did was to allow his practice to continue to diminish unchecked while bemoaning his fate"); Arribi v. Arribi, 186 N.J. Super. 116, 118 (Ch. Div.1982) (finding that the "pervading philosophy" in our precedents is that "one cannot find

6

When a motion or cross-motion is brought for the entry or modification of an order or judgment for alimony based on changed circumstances, the pleading filed must have appended to it a copy of all prior case information statements and a current case information statement. R. 5:5-4.

If there is a prima facie showing of changed circumstances demonstrated by the party seeking the alimony or child support relief[,] then the court will order the opposing party to file a copy of a current case information statement. R. 5:5-4(a).

Here, . . . [d]efendant was seeking a modification of his support obligation by way of arguing a change of circumstances. The [c]ourt has found, based on the argument set forth on the record and based on . . . [d]efendant's submissions, that there is no change of circumstances to warrant a modification of [d]efendant's child support obligation or his alimony obligation to the [p]laintiff. . . . Defendant in his own submissions[] certified to the fact that even before the divorce was finalized, he expected his 2020 bonus to be lower than that of the prior year. Thus, . . . [d]efendant acknowledges that he was aware of these financial circumstances and entered into the MSA freely and voluntarily. Beyond that, . . .[d]efendant's application was procedurally deficient as he failed to attach a current and prior [c]ase [i]nformation [s]tatement.

---

himself in, and choose to remain in, a position where he has diminished or no earning capacity and expect to be relieved of or to be able to ignore the obligations of support to one's family").

[Donnelly, 405 N.J. Super. at 130 n.5.]

Defendant filed a motion for reconsideration and supporting certification in which defendant argued that he had "shown that his financial status ha[d] substantially changed and aggravated in 2019 and 2020 due to significant reduction of earnings and [had] explained [it] to plaintiff many times." He claimed that the motion judge "overlooked the fact that [d]efendant's current monthly net income is actually lower than the total MSA obligation payment and [is] permanent."

In support, defendant also submitted a statement setting forth his "new financial status," that he said included documents from his employer[5] that were "not provided [with his earlier cross-motion] due to timing constraint at the time." He asserted that, as illustrated by the attachments, although at the time of the divorce he anticipated a three to seven percent reduction in income, he did not anticipate a "[seventy-five percent] reduction in bonus in 2020 and [forty-four percent] reduction of earnings" by the end of July.

Defendant argued he never anticipated such a decrease in earnings, which warranted a reduction of support, and that the pandemic was another cause of the reduction in his income. Defendant also opposed plaintiff's attempt to have

---

[5] These documents do not appear in either parties' appendix.

A-1032-20

his support paid from his 401(k) plan, and he sought reversal of the motion judge's earlier award of counsel fees.

Plaintiff opposed the application and filed a cross-motion to again hold defendant in violation of litigant's rights for not having complied with the motion judge's earlier order.

In a reply certification, for the first-time defendant attached documents that purportedly supported his contentions. The first was a list he prepared of six positions he allegedly applied for from May 2020 through August 2020. Defendant did not provide any details regarding those applications and there were no supporting documents. He also provided a pay stub from his current employer that demonstrated his gross earnings through August 31, 2020, including his bonus, totaled $146,516.72.

On October 28, 2020, the motion judge entered an order granting plaintiff's cross-motion and denying defendant's motion for reconsideration. In denying reconsideration, the judge stated the following:

> Defendant's motion is no more than an attempt to have the court retroactively modify the MSA in his favor by reducing or eliminating his support obligations. This matter was previously litigated and did not come out in his favor. Defendant has submitted no new information, nor any indication that the [c]ourt's July 27, 2020 [o]rder was based on a palpably incorrect basis. Defendant's bare allegations that his reduction in

income is permanent, rather than temporary as previously found, are devoid of support in his submissions and on the record. The fact that [d]efendant continued to make voluntary contributions to his 401(k) instead of making support payments is strong evidence to the contrary. As such, [d]efendant's motion for reconsideration is denied in its entirety.

This appeal followed.

## II.

### A.

We begin our review by considering defendant's argument that the motion judge miscalculated the amount of defendant's support arrears.[6] In response, plaintiff correctly argues that defendant never brought the error to the attention of the motion judge and, technically, we should not consider defendant's contention in this regard on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, plaintiff also concedes there was a clerical error regarding arrears that requires correction, either by "consent order, or Rule 1:13-1 motion[,] which provides for the correction of clerical errors[,] including

---

[6] The October 28, 2020 order states that defendant owed "$18,500.00 to the [p]laintiff representing his share of equestrian and other extracurricular expenses for the children," and $19,587.14 for support. Although those amounts totaled $38,087.14, the order directed that $39,584.20 be paid from "his 401(k) or other assets." It is not apparent from the order how these amounts were determined or why there was a discrepancy.

pending an appeal." Plaintiff also assures that she "will cooperate with the preparation and entry of a [c]onsent [o]rder correcting the effective date utilized in the July 27, 2020 [o]rder with respect to the payment of supplemental child support (extracurricular and equestrian expenses) and resultant probation department arrears as of August 31, 2020."

Under these circumstances, we conclude the amount fixed as arrears by the motion judge as of July 27, 2020, should be remanded to the motion judge to correct the amount of defendant's arrears, after considering whatever additional submissions the judge may require to assist in determining the correct amount. That remand should be completed within thirty days.

B.

We turn our attention to defendant's argument that on reconsideration the motion judge did not accept defendant's representations about his income or that his alleged current financial position was permanent. We find no merit to these contentions.

On appeal from a denial of a motion to reconsider, our review is limited. "[R]econsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch.

11

Div. 1990)). However, the denial of a motion for reconsideration "will be set aside if its entry is based on a mistaken exercise of discretion." Brunt v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 357, 362 (App. Div. 2018). A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Ibid. (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

Reconsideration should only be used in those rare cases that fit into a narrow category where "either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria, 242 N.J. Super. at 401). "[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466-67 (App. Div. 2021) (quoting Palombi, 414 N.J. Super. at 289).

A party should not seek reconsideration based only on dissatisfaction with the judge's decision, and "[t]he standards for reconsideration are substantially harder to meet than are those for a reversal of a judgment on appeal." Regent

12

Care Ctr., Inc. v. Hackensack City, 20 N.J. Tax 181, 184-85 (2001).  The party seeking reconsideration must show that the judge "acted in an arbitrary, capricious, or unreasonable manner."  D'Atria, 242 N.J. Super. at 401 (remarking that "[a]lthough it is an overstatement to say that a decision is not arbitrary, capricious, or unreasonable whenever a [c]ourt can review the reasons stated for the decision without a loud guffaw or involuntary gasp, it is not much of an overstatement").  Also, "[a] motion for reconsideration is meant to 'seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record.'"  Triffin, 466 N.J. Super. at 466 (quoting Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)).

With these guiding principles in mind, we conclude that defendant failed to meet his burden on reconsideration, substantially for the reasons expressed by the motion judge in his statement of reasons that was incorporated into his order.  We add the following brief comments.

In support of his motion, defendant did not provide any meaningful evidence, let alone evidence that was not available to him prior to the judge's July 27, 2020 order, nor did he establish that the judge failed to appreciate and understand the significance of the evidence presented in connection with the

earlier motion. Similarly, defendant did not meet his burden to demonstrate that the motion judge's original determination was irrational or incorrect.

Defendant's proofs were, as the motion judge found, insufficient, especially in light of his failure to even file the required case information statements, with the required attachments, originally, or even on reconsideration. That failure alone warranted denial of both of defendant's motions.

A party seeking modification of a support order must supply sufficient proof of a substantial change in circumstances to warrant relief. A proper changed circumstances analysis "requires a court to study the parties' financial condition at the time of the divorce, as well as at the time of the application." Deegan v. Deegan, 254 N.J. Super. 350, 355 (App. Div. 1992). For this reason, Rule 5:5-4(a) requires the moving party to append a copy of his or her prior and current case information statement. As we have stated:

> This mandate is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case. This is important because the movant bears the initial burden in such a case under Lepis v. Lepis, 83 N.J. 139 (1980).
>
> [Palombi, 414 N.J. Super. at 287 (quoting Gulya v. Gulya, 251 N.J. Super. 250, 253-54 (App. Div. 1991)).]

14

Further, "[c]ourts have consistently rejected requests for modification [of support obligations] based on circumstances which are only temporary or which are expected but have not yet occurred." Lepis, 83 N.J. at 151. "[S]upport, whether set by court order or agreement, [may] be modified upon a showing of substantial, non-temporary changes in ability to support oneself or pay support." Gordon v. Rozenwald, 380 N.J. Super. 55, 67-68 (App. Div. 2005). Temporary unemployment is not grounds for a modification of support. Bonanno, 4 N.J. at 275. Thus, the movant must show that the alleged change in circumstances is both permanent, Innes v. Innes, 117 N.J. 496, 504 (1990), and involuntary, id. at 523-24 (Stein, J., concurring in part).

Here, in addition to not filing the required case information statements, defendant made unsupported allegations originally and on reconsideration that his income reduction was permanent. Without more, the motion judge correctly determined that defendant did not satisfy his burden. We have no cause to disturb that result.

Affirmed in part, vacated and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-1032-20