**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3801-22

MARY RASMUSSEN,

     Plaintiff-Respondent,

v.

RAY RASMUSSEN,

     Defendant-Appellant.

_____

Submitted July 16, 2024 – Decided August 27, 2024

Before Judges Sabatino and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Family Part, Ocean County, Docket No. FM-15-0751-16.

Madden Law, LLC, attorneys for appellant; (Thomas W. Madden, of counsel and on the brief).

Mary Rasmussen, respondent pro se, has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, defendant Ray Rasmussen appeals a February 27, 2023 Family Part order reducing his alimony payments

but not eliminating them as he requested. Defendant contends the trial court erred by requiring him to continue to pay alimony until plaintiff, Mary Rasmussen, reaches full Social Security retirement age. We affirm the trial judge's ruling.

We discern the following pertinent facts and procedural history from the record. The parties were married in May 1993 and have two children, both emancipated.[1] The parties divorced in October 2016. The Marital Settlement Agreement (MSA) set alimony at $2,500 per month. The agreed-upon amount was based on plaintiff having an earning capacity of approximately $55,000 per year and defendant having an earning capacity or income of $140,000 per year. The "alimony duration" section of the MSA made no provision regarding alimony upon the parties' respective retirements. That section reads, "[t]he husband's alimony term shall be open durational based upon the length of their marriage and current differential in the parties' incomes. All issues regarding alimony shall be pursuant to N.J.S.A. 2A:34-23(b) et seq."

---

[1] The Family Part order states the oldest child is emancipated, and the younger child is "a soon-to-be college graduate in May 2024." Defendant's appeal brief states that both children are emancipated.

A-3801-22

In 2020, defendant, at the age of fifty-nine, took an early retirement from his long time career as a union electrician.[2] His post-retirement annual income, which is now based on his pension and Social Security, is $81,000. Plaintiff continues to work with average earnings of approximately $65,000. In September 2023, she began receiving approximately $15,000 per year for her share of defendant's pension. Plaintiff's combined income is thus nearly equal to defendant's income.

In July 2022, defendant moved to terminate alimony based upon a substantial and permanent change in circumstances. The judge declined to terminate alimony but reduced defendant's monthly payment to $950 per month for five years until plaintiff becomes eligible for full Social Security benefits. In the written statement of reasons incorporated into the February 27, 2023 Order, the trial judge explained:

> Given the disparity in incomes after retirement, the court is not offended if [p]laintiff is able to earn more than $65,000 over the next five years so she can better save for her retirement. Therefore, [p]laintiff shall be able to earn in excess of $65,000 (up to $130,000 or twice her estimated annual income) without triggering a modification of support to enable her [to] save over the next five years until spousal support terminates as

---

[2] The trial judge found "[d]efendant retired in good faith given the economic circumstances due to COVID and that early retirement enabled him to continue paying his support obligations."

her Case Information Statement shows no savings, no investments, no retirement accounts besides her share of [defendant's] pension, and no real estate. This is based on [d]efendant receiving $36,204 more per year than [p]laintiff after age [sixty-seven]. Allowing [p]laintiff to earn up to $130,000 per year without triggering a modification of alimony would allow her to save up to $325,000 by age [sixty-seven] to better provide for herself in a way that is more in line with . . . [d]efendant's retirement.

On appeal, defendant contends the trial court erred by finding on the one hand that his early retirement was in good faith, but on the other hand imputing additional post-retirement income to him when calculating his modified alimony obligation. Defendant also contends the trial court erred by requiring him to continue to pay alimony, albeit at a reduced amount, until plaintiff reaches full Social Security retirement age.

We preface our analysis by acknowledging basic legal principles governing this appeal. "Courts have continuing power to oversee divorce agreements, and the discretion to modify them on a showing of 'changed circumstances' that render their continued enforcement unfair, unjust, and inequitable." Konzelman v. Konzelman, 158 N.J. 185, 194 (1999) (quoting Berkowitz v. Berkowitz, 55 N.J. 564, 569 (1970) (internal citations omitted)). Importantly for purposes of this appeal, in Bermeo v. Bermeo, we noted that for

A-3801-22

an appellate court to reverse a trial court's decision on whether to modify alimony,

> [we] must conclude that the trial court clearly abused its discretion, failed to consider "all of the controlling legal principles," or [we] must otherwise be "well satisfied that the finding[s] [were] mistaken," or that the determination could not "reasonably have been reached on sufficient credible evidence present in the record after consideration of the proofs as a whole."
>
> [457 N.J. Super. 77, 84 (App. Div. 2018) (alteration in original) (quoting Rolnick v. Rolnick, 262 N.J. Super. 343, 360 (App. Div. 1993)).]

Turning to substantive legal principles, in Innes v. Innes, our Supreme Court explained that in divorce actions, courts may award alimony:

> "[A]s the circumstances of the parties and the nature of the case shall render fit, reasonable and just . . ." N.J.S.A. 2A:34-23. The basic purpose of alimony is the continuation of the standard of living enjoyed by the parties prior to their separation. Mahoney v. Mahoney, 91 N.J. 488, 501-02 (1982). The supporting spouse's obligation is set at a level that will maintain that standard. Lepis v. Lepis, 83 N.J. 139, 150 (1980). Although the supporting spouse's current income is the primary source considered in setting the amount of the award, his or her property, capital assets, and "capacity to earn the support awarded by diligent attention to his [or her] business" are also proper elements for consideration. Bonanno v. Bonanno, 4 N.J. 268, 275 (1950).
>
> [117 N.J. 496, 503 (1990).]

A-3801-22

Furthermore, as our Supreme Court explained in <u>Steneken v. Steneken</u>, "all alimony awards and equitable distribution determinations must—both jointly and severally—satisfy basic concepts of fairness." 183 N.J. 290, 298 (2005). Thus, the <u>Steneken</u> Court held, "a trial court's determination of the interplay between an alimony award and equitable distribution is subject to an overarching concept of fairness . . . ." <u>Id.</u> at 293. The Court in <u>Steneken</u> also noted that "equitable distribution determinations are intended to be in addition to, and not as substitutes for, alimony awards." <u>Id.</u> at 299.

Applying the foregoing principles to the matter before us, we find no abuse of discretion in the trial judge's decision to reduce but not immediately terminate defendant's alimony obligations. We decline to substitute our judgment for the trial judge's in evaluating the overall fairness of continuing alimony to "allow [plaintiff] to save up to $325,000 by age [sixty-seven] to better provide for herself in a way that is more in line with . . . [d]efendant's retirement."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3801-22