**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0920-23

ERIKA L. BERRIOS,

      Plaintiff-Respondent,

v.

CALVIN MOFFETT, JR.,

      Defendant-Appellant.

_____

          Submitted November 4, 2024 – Decided March 25, 2025

          Before Judges Berdote Byrne and Jacobs.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FD-04-0663-05.

          Calvin Moffett, Jr., appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

      Defendant Calvin Moffett, Jr. appeals from a November 16, 2023 order denying his motion to disestablish paternity, vacate the original child support

order dating from 2005, and terminate his current child support obligation. For reasons that follow, we affirm the motion court's order denying defendant's application.

## I.

The parties to this action were never married but share a child, K.B.,[1] now a twenty-two-year-old college student who remains financially dependent on her parents. An existing child support order dating from 2005 directed defendant to pay $155 weekly, plus $10 weekly towards arrears, which had reached over $41,000 at the time defendant's motion was filed in September 2023. The original order did not account for college tuition or related expenses. Defendant moved to terminate his obligation and emancipate K.B. on the basis that she had turned 18 years old in January 2021.

The court heard sworn testimony from plaintiff, Erika Berrios, who confirmed paternity had been established. Plaintiff opposed termination of support, seeking a continuance of defendant's support obligation while the child pursued higher education; she did not seek a special or increased award towards

---

[1] We use initials to protect the identity of the child and to preserve the confidentiality of these proceedings. R. 1:38-3(f)(6).

A-0920-23

the child's educational expenses. Plaintiff submitted a transcript evidencing K.B.'s continuous college registration.

As the hearing progressed, defendant stated, "I am the biological father, I'm not the legal father of this child." Beyond this, defendant adduced no evidence or other substantive testimony to support the absence of legal responsibility, nor did he challenge plaintiff's representation that K.B. was a full-time college student.[2]

The motion court denied defendant's application, finding the uncontroverted evidence demonstrated defendant is the father of K.B. and that K.B. was not emancipated. The court further found K.B. was matriculated in a four-year college as evidenced by a full-time college transcript with a "[v]ery impressive" curriculum, consisting of "Human and Social Sciences and pre-business" courses. The court determined defendant had a continuing obligation to support K.B. and entered an order continuing defendant's obligation of $155 per week. The court increased the payment towards arrears from $10 to $150 per week.

Following the court's order dated November 16, 2023, defendant filed

---

[2] Notwithstanding his status as movant and presence at the hearing, defendant voluntarily refused to testify under oath or affirmation. N.J.R.E. 603.

A-0920-23

another motion on November 21, 2023, seeking identical relief. Appended to that motion were more than 125 pages of documents associated with the Sovereign Citizens movement. The motion court issued an order dated January 26, 2024, staying the matter pending appeal. Defendant filed for a third time, to which the court issued an order dated February 27, 2024, directing the case be placed on litigation hold pending appeal.

On appeal, defendant argues that paternity has not been established, he has not consented to paying child support, and he does not owe any arrears. Defendant claims to be a "Secured Party," not bound by the court's jurisdiction, as the court cannot point to a signed "contract" or express agreement wherein defendant has consented to paying child support.

Defendant also raises arguments that were not presented to the trial court. First, he argues he should be relieved of his duty to support the child because the child's mother allegedly does not utilize the support for the child's benefit. Second, defendant maintains he has had limited contact with the child over the years. Defendant states he is an "absent" parent who should be relieved of his obligation.

## II.

Our court's review of child support awards is governed by Rule 5:6A. The

child support guidelines set forth in Appendix IX of the Rule "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A. "The guidelines may be modified or disregarded by the court only where good cause is shown." Ibid.

> Good cause shall consist of [1] the considerations set forth in Appendix IX-A, or the presence of other relevant factors which may make the guidelines inapplicable or subject to modification, and [2] the fact that injustice would result from the application of the guidelines. In all cases, the determination of good cause shall be within the sound discretion of the court.
>
> [R. 5:6A.]

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). "The trial court's 'award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Id. at 326.

Our court defers to the trial court's findings of fact "when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); see Gnall v. Gnall, 222 N.J. 414, 428 (2015). That review is

A-0920-23

deferential "[b]ecause of the family courts' special jurisdiction and expertise in family matters[.]  [A]ppellate courts should accord deference to family court factfinding." Cesare, 154 N.J at 413.  "We invest the family court with broad discretion because of its specialized knowledge and experience in matters involving parental relationships and the best interests of children." N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 427 (2012).  The appellate court accords "great deference to discretionary decisions of Family Part judges." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012).

It is a generally accepted principle that both financial and emotional support are "vital to the well-being of a child." See M.H.B. v. H.T.B., 100 N.J. 567, 574-75 (1985) (Handler, J., concurring).  Yet, it is commonly understood that child support refers to the financial obligation that one parent has to the child's primary caretaker to cover expenses such as housing, food, transportation, clothing, and other needs that carry financial implications. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5.6A, ¶ 8, www.gannlaw.com (2025).  The "parental obligation to support children . . . is fundamental to a sound society." Kiken v. Kiken, 149 N.J. 441, 446 (1997).  It is within that context that the Legislature granted "equitable powers" to the Family Part, allowing the court to enter or modify

6

support orders "from time to time as circumstances may require."  N.J.S.A. 2A:34-23.  However, the court's authority to impose a child support obligation is circumscribed; support ends at emancipation of the child.  Pascale v. Pascale, 140 N.J. 583, 591 (1995).

If a child is determined to be emancipated, then the child is said to have "obtain[ed] an independent status of his or her own[,]" and the legal rights and obligations of a parent related to the care, custody, and support of the child are extinguished.  Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997); Newburgh v. Arrigo, 88 N.J. 529, 542-43 (1982).  There is a presumption in New Jersey that a child is emancipated at the age of majority, age eighteen.  N.J.S.A. 9:17B-3.  A parent may be obligated to continue supporting a child beyond the age of eighteen.  Llewelyn v. Shewchuk, 440 N.J. Super. 207, 215 (App. Div. 2015).  One such instance requiring a continuation of support has been a child's enrollment in an educational program, including college.  Patetta v. Patetta, 358 N.J. Super. 90, 94 (App. Div. 2003).  N.J.S.A. 2A:34-23(a) authorizes the court to enter an order for the education of children.  The Legislature and our courts have long recognized "a child's need for higher education as an appropriate consideration in determining the parental obligation of support."  Kiken, 149 N.J. at 450.

The child support guidelines, in Appendix IX-A, ¶ 18, provide that a court may, in its discretion, determine support for a child who is enrolled in college and living at home. A child "who remains a full time post secondary school student is not emancipated." Teare v. Bromley, 332 N.J. Super. 381, 391 (Ch. Div. 2000). Furthermore, a parent's obligation to support a child persists regardless of the quality of the relationship shared between them. J.R. v. L.R., 386 N.J. Super. 475, 484 (App. Div. 2006). "[O]ne cannot find himself in, and choose to remain in, a position where he has diminished or no earning capacity and expect to be relieved of or to be able to ignore the obligations of support to one's family." Elrom v. Elrom, 439 N.J. Super. 424, 436 (App. Div. 2015) (alteration in original) (quoting Arribi v. Arribi, 186 N.J. Super. 116, 118 (Ch. Div. 1982)).

Here, the court made factual findings based on testimony from plaintiff, its own records regarding prior support levels, and documentary evidence. Parentage was established in 2005 and defendant neither disputed the facts presented nor presented any information, congruous or contrary, for the court's consideration. Defendant's sole argument before the trial court, that he did not consent to parentage and child support, is not supported by any law. Child support does not require the consent of either parent. It is a right that belongs

to the child. Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993) (citing Kopack v. Polzer, 5 N.J. Super. 114, 117 (App. Div. 1949), aff'd, 4 N.J. 327 (1950)).

Because defendant did not substantively participate in the proceeding other than to communicate that he withheld "consent," the court, in its sound discretion, made findings of fact predicated on uncontroverted facts. The motion court's findings of fact and legal conclusions to continue defendant's child support obligation, inclusive of an increased payment towards arrears, are legally sound as the child remains in need of support and arrearage have already accrued and must be paid. We discern no error in the trial court's ruling.

To the extent we have not otherwise addressed defendant's arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division